IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, <br><br> Plaintiffs, <br><br> v. <br><br> MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, <br><br> Defendants. | Case No. 3:18-CV-3085 |

### AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC. ("SAF"), ILLINOIS STATE RIFLE ASSOCIATION ("ISRA") and ILLINOIS CARRY ("IC"), by and through undersigned counsel, as and for their Complaint against Defendants MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services (hereinafter "IDCFS"), and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, allege as follows:

### INTRODUCTION

1.  This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief

challenging the State of Illinois's prohibition on otherwise qualified Illinois residents who are day care home licensees and/or licensed foster parents.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. The Second Amendment also guarantees the fundamental right of public carry of a handgun for self-defense and defense of others. *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012).

4. However, the policy of the IDCFS substantially prohibits day care home licensees in Illinois from the possession and carry of firearms for the purpose of self-defense, which violates Plaintiffs' constitutional rights under the Second Amendment.

5. The IDCFS policy also substantially prohibits licensed foster parents in Illinois from the possession and carry of firearms for the purpose of self-defense, which violates Plaintiffs' constitutional rights under the Second Amendment.

6. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment renders the State's restrictions on the possession and carrying of handguns by day care home licensees, and licensed foster parents, unconstitutional.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the

deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

8. This Court has personal jurisdiction over the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and/or practices of the State of Illinois and/or within the geographic confines of the State of Illinois.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws, rules, and policies against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

10. Plaintiff Jennifer J. Miller resides with her family in Shelbyville, Illinois. She is married to co-Plaintiff Darin. She has worked as a home day care provider since 2016, Jennifer has been a day care home licensee in the State of Illinois since 2017, and plans to continue to do so in the future. Jennifer and her husband are also Illinois licensed foster parents and currently fostering one child, providing a stable environment to children without one, and plan to continue to do so in the future. Darin and Jennifer also have three natural children in their home. Jennifer has an Illinois FOID card and a concealed carry license.

11. Jennifer operates a child care facility in her home, as that term is defined in 225 ILCS 10/2.05. Jennifer also operates a day care home, as that term

is defined in 225 ILCS 10/2.18.  Jennifer also has a foster family home, as that term is defined in 225 ILCS 10/2.17.

12. Plaintiff Darin E. Miller is 39 years old, and resides with his family in Shelbyville, Illinois.  He is married to co-Plaintiff Jennifer.  Darin is a Special Equipment Operator in a distribution center for a large producer of fiber-based packaging, pulp and paper in central Illinois.  He has been in this industry for more than twenty years.  Darin and his wife are also Illinois licensed foster parents and currently fostering one child, providing a stable environment to children without one, and plan to continue to do so in the future.   Additionally, Jennifer and Darin have three natural children in their home.  Darin has an Illinois FOID card and a concealed carry license.

13. Darin has a foster family home, as that term is defined in 225 ILCS 10/2.17.

14. The Millers are allowed to possess firearms in Illinois generally, but are prohibited by the Illinois statutes, JCAR rules, and IDCFS policies complained-of herein from possessing loaded functional handguns in their homes so long as they currently are day care home licensees, or plan to be day care home licensees in the future.  This was verbally related to them by the IDCFS employee who conducted Jennifer's day care home license in March and April, 2018.

15. The Millers are also prohibited by the Illinois statutes, JCAR rules, and IDCFS policies complained-of herein from possessing loaded functional firearms

in their homes so long as they currently are foster parents, or plan to be foster parents in the future.

16.     The Millers would possess and carry loaded and functional handguns for self-defense and defense of family, but refrain from doing so because they fear Jennifer's day care home license being taken away from them by the State, and/or being prohibited from maintaining a day care home license in the future.  They also fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the Illinois statutes, JCAR Rules, and IDCFS policies complained-of herein.

17.     SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes day care home licensees residing in Illinois.  SAF has over 650,000 members and supporters nationwide.  The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms.  SAF brings this action on behalf of itself and its members.

18.     Members of SAF who are day care home licensees and/or foster parents in Illinois would possess and carry loaded and functional handguns for self-defense, but refrain from doing so because they fear their day care home licenses and/or foster care licenses being denied and/or revoked by the State, and/or being prohibited from being day care home licensees and/or foster parents in the future, all due to the statutes, rules, and policies complained-of herein.

19. ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has over 23,000 members and supporters in Illinois, and many members outside the State of Illinois. The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this action on behalf of itself and its members.

20. Members of ISRA who are day care home licensees and/or foster parents in Illinois would possess and carry loaded and functional handguns for self-defense, but refrain from doing so because they fear their day care home licenses and/or foster care licenses being denied and/or revoked by the State, and/or being prohibited from being day care home licensees and/or foster parents in the future, all due to the statutes, rules, and policies complained-of herein.

21. IC is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Shelbyville, Illinois. Illinois Carry has over 10,000 members and supporters in Illinois, and many members outside the State of Illinois. Illinois Carry is dedicated to the preservation of Second Amendment rights. Among Illinois Carry's purposes are educating the public about Illinois laws governing the purchase and transportation of firearms, aiding the public in every way in its power, and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase, possess, and carry firearms.

22. Members of IC who are day care home licensees and/or foster parents in Illinois would possess and carry loaded and functional handguns for self-defense, but refrain from doing so because they fear their day care home licenses and/or foster care licenses being denied and/or revoked by the State, and/or being prohibited from being day care home licensees and/or foster parents in the future, all due to the statutes, rules, and policies complained-of herein.

23. Jennifer and Darin Miller are members of SAF, ISRA, and IC.

## DEFENDANTS

24. Defendant Smith is the Acting Director of the Illinois Department of Children and Family Services. In Smith's official capacity, he is responsible for enforcing certain of Illinois's laws, customs, practices, and policies, specifically those challenged herein. Also, in that capacity, Smith is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, Smith is the authority charged with processing and administering the day care home licensing system and the foster care system in Illinois. He is sued in his official capacity.

25. Defendant Raoul is the Attorney General of the State of Illinois. In Raoul's official capacity, he is responsible for executing and administering the laws of the State of Illinois, including 225 ILCS 10/7. Defendant Attorney General Raoul has enforced the challenged laws, customs and practices against Plaintiffs and is in fact presently enforcing the challenged laws, customs and practices against Plaintiffs. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

26.     The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

27.     The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

28.     The Second Amendment includes the right to armed self-defense with a handgun, not just inside one's home but also outside. *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012).

29.     Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW (DAY CARE)

30.     Section 10/7 of the Illinois Child Care Act of 1969 (225 ILCS 10/7) states in relevant part:

> (a) The Department must prescribe and publish minimum standards for licensing that apply to the various types of facilities for child care defined in this Act and that are equally applicable to like institutions under the control of the Department and to foster family homes used by and under the direct supervision of the Department.
>
> The Department shall seek the advice and assistance of persons representative of the various types of child care facilities in establishing such standards. The standards prescribed and published

> under this Act take effect as provided in the Illinois Administrative Procedure Act, and are restricted to regulations pertaining to the following matters and to any rules and regulations required or permitted by any other Section of this Act:
>
> , , , ,
>
> (13) Provisions prohibiting handguns on day care home premises except in the possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside on the premises of a day care home;
>
> (14) Provisions requiring that any firearm permitted on day care home premises, except handguns in the possession of peace officers, shall be kept in a disassembled state, without ammunition, in locked storage, inaccessible to children and that ammunition permitted on day care home premises shall be kept in locked storage separate from that of disassembled firearms, inaccessible to children;
>
> (15) Provisions requiring notification of parents or guardians enrolling children at a day care home of the presence in the day care home of any firearms and ammunition and of the arrangements for the separate, locked storage of such firearms and ammunition;

31. Per IDCFS policy and rules, Plaintiffs are also subject to the definitions, requirements, and restrictions of a "day care home" as that term is defined in Section 406.2 of the Joint Committee of Administrative Rules ("JCAR").

29. Section 406.8(a) of JCAR ("General Requirements for Day Care Homes") states in relevant part:

> 17) Handguns are prohibited on the premises of the day care home except in the possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside in the day care home. The licensee shall post a "no firearms" sign, as described in Section 65(d) of the Firearm Concealed Carry Act [430 ILCS 66/65(d)], in a visible location where parents pick up children.

> 18) Any firearm, other than a handgun in the possession of a peace officer or other person as provided in subsection (a)(17), shall be kept in a disassembled state, without ammunition, in locked storage in a closet, cabinet, or other locked storage facility inaccessible to children.
>
>> A) Ammunition for such firearms shall be kept in locked storage separate from that of the disassembled firearms, inaccessible to children.
>>
>> B) The operator of the home shall notify the parents or guardian of any child accepted for care that firearms and ammunition are stored on the premises. The operator shall also notify the parents or guardian that such firearms and ammunition are locked in storage inaccessible to children. (Section 7 of the Child Care Act of 1969 [225 ILCS 10/7]) The notification need not disclose the location where the firearms and ammunition are stored.

30. Notwithstanding the above, Section 66/65 of the Illinois Firearm Concealed Carry Act (430 ILCS 66/65) states in relevant part that:

> (a) A licensee under this Act shall not knowingly carry a firearm on or into:
>
> . . .
>
> (2) Any building, real property, and parking area under the control of a pre-school or child care facility, including any room or portion of a building under the control of a pre-school or child care facility. Nothing in this paragraph shall prevent the operator of a child care facility in a family home from owning or possessing a firearm in the home or license under this Act, if no child under child care at the home is present in the home or the firearm in the home is stored in a locked container when a child under child care at the home is present in the home.

31. However, notwithstanding the Millers' stated willingness to comply with the requirements of 430 ILCS 66/65(a)(2), the Millers are nonetheless required to abide by the requirement that they remove any and all handguns from their

-10-

home in order to receive/maintain Jennifer's day care home license, regardless of Darin's and Jennifer's valid FOID cards and CCLs.

32.     The Millers are fearful of losing Jennifer's day care home license if they complain or do not comply with 225 ILCS 10/7 and the JCAR sections listed in the paragraphs above.

## STATE LAW (FOSTER CARE)

33.     Section 10/7 of the Illinois Child Care Act of 1969 (225 ILCS 10/7) states in relevant part:

> (a)     The Department must prescribe and publish minimum standards for licensing that apply to the various types of facilities for child care defined in this Act and that are equally applicable to like institutions under the control of the Department and to foster family homes used by and under the direct supervision of the Department.
>
> The Department shall seek the advice and assistance of persons representative of the various types of child care facilities in establishing such standards. The standards prescribed and published under this Act take effect as provided in the Illinois Administrative Procedure Act, and are restricted to regulations pertaining to the following matters and to any rules and regulations required or permitted by any other Section of this Act:
>
> . . . .
>
> (13) Provisions prohibiting handguns on day care home premises except in the possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside on the premises of a day care home;
>
> (14) Provisions requiring that any firearm permitted on day care home premises, except handguns in the possession of peace officers, shall be kept in a disassembled state, without ammunition, in locked storage, inaccessible to children and that ammunition

> permitted on day care home premises shall be kept in locked storage separate from that of disassembled firearms, inaccessible to children;
>
> (15) Provisions requiring notification of parents or guardians enrolling children at a day care home of the presence in the day care home of any firearms and ammunition and of the arrangements for the separate, locked storage of such firearms and ammunition; (Emphasis added.)

34. Per Illinois' Child Care Act of 1969, Plaintiffs are subject to the definitions, requirements, and restrictions of a "foster family home" as that term is defined in 225 ILCS 10/2.17.

35. Per IDCFS policy and rules, Plaintiffs are also subject to the definitions, requirements, and restrictions of a "foster family home" as that term is defined in Section 402.2 of the Joint Committee of Administrative Rules ("JCAR").

36. Since as early as August 1, 2009, the IDCFS has had in effect Rule 402.8(i), titled: General Requirements for the Foster Home, which states:

> Any and all firearms and ammunition shall be locked up at all times and kept in places inaccessible to children. No firearms possessed in violation of a State or Federal law or a local government ordinance shall be present in the home at any time. Loaded guns shall not be kept in a foster home unless required by law enforcement officers and in accordance with their law enforcement agency's safety procedures.

37. Further, all foster parents are required to complete Form CFS 402-A, entitled "Acknowledgment of Compliance/Part 402 Licensing Standards for Foster Family Homes. Contained in CFS 402-A is "Section III. Firearms" is a recitation of Rule 402.8(g), and the requirement that the prospective foster parent make the following certification:

>I certify that there are no firearms on the premises, but will immediately notify the Licensing Representative and complete form CFS 452-2, Foster Family Firearms Arrangement, if I, or any member of the foster family home, acquires a firearm.

38. Form CFS 452-2 is entitled Foster Family Firearms Agreement ("FFFA") (attached hereto). The FFFA requires the prospective foster parents to provide the IDCFS with a list of all firearms in the home including their location, a list of all ammunition in the home including its location that must be in locked storage separate from any firearms, and to notify IDCFS in writing if there are any changes to the provided information.

39. The Millers were required to sign and abide to the content of the Acknowledgment of Compliance and the FFFA to continue as a foster home.

40. In addition, when being inspected and approved to be a foster home, the caseworker, upon seeing there was not a separate lockbox for ammunition in the Miller's home, stopped the inspection to go out and buy one for them, and upon returning told the Millers that the ammunition had to be stored in the lockbox to be in compliance with the applicable rules.

41. The Millers are fearful of losing their foster children, or being denied the ability to foster children, if they complain or do not comply with the statues, rules, and policies listed in the paragraphs above.

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

42.     Paragraphs 1 through 41 are realleged and incorporated herein by reference.

43.     The Illinois statutes, JCAR Rules, and IDCFS policies which restrict day care home licensees the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as day care home licensees, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family, both inside and outside of their home, as secured by the Second Amendment to the United States Constitution.

44.     Further the Illinois statutes, JCAR Rules, and IDCFS policies which restrict licensed foster parents the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family, both inside and outside of their home, as secured by the Second Amendment to the United States Constitution.

45.     A controversy exists as to whether the Section 10/7 of the Child Care Act, and the applicable JCAR Rules and IDCFS policies, which restricts day care home licensees the rights and privileges of possessing and carrying handguns for self-defense and defense of family based solely on their status as day care home licensees, is unconstitutional.

46.     Further, a controversy exists as to whether Section 10/7 of the Child Care Act, and the applicable JCAR Rules and IDCFS policies, which restricts foster parents the rights and privileges of possessing firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

47.     A declaration from this Court would settle these issues.

48.     A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

49.     The Plaintiffs seek a declaration that Section 10/7 of the Child Care Act, and the applicable JCAR Rules and IDCFS policies, which restrict day care home licensees the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as day care home licensees, on their face and as applied, are unconstitutional.

50.     Further, the Plaintiffs seek a declaration that Section 10/7 of the Child Care Act, and the applicable JCAR Rules and IDCFS policies, which restrict licensed foster parents the rights and privileges of possessing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, are unconstitutional.

51.     In the absence of an injunction, the unlawful statutes, JCAR Rules, and IDCFS policies complained-of herein would continue to be enforced and would prevent the Millers, and the members of ISRA, SAF, and IC who are day care home licensees and/or licensed foster parents residing in Illinois, from possessing or

carrying a handgun that any otherwise-qualified Illinois residents may own and possess for defense of self or family.

52. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

53. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow the Millers, and the members of ISRA, SAF, and IC who are day care home licensees and/or licensed foster parents residing in Illinois the opportunity to possess and carry a handgun for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendants MARC D. SMITH, as Acting Director of the Illinois Department of Human Services, and KWAME RAOUL, as Attorney General of the State of Illinois, from continuing and enforcing the Illinois statutes, JCAR Rules, and IDCFS policies, and from prohibiting firearms possession and carrying by day care home licensees, and/or licensed foster parents residing in Illinois, including against the Plaintiffs and/or their members; and

2. Enter the following:

   (a) A declaratory judgment that the IDCFS policy of prohibiting handgun possession and carrying to day care home licensees and/or licensed foster parents in Illinois, and the Illinois statutory language which restricts firearms rights and privileges based on status as a day

care home licensee and/or licensed foster parent, such as contained in 225 ILCS 10/7, are null and void because they infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

(b)     Issue preliminary and permanent injunctions against the Defendants and their political subdivisions, including officers, agents, and employees thereof, from enforcement of the State statutes, JCAR Rules, and IDCFS policies of prohibiting firearms possession and carrying to day care home licensees and/or licensed foster parents in Illinois, and the Illinois statutory language which restricts handgun rights and privileges based on status as a day care home licensee and/or licensed foster parent, such as contained in 225 ILCS 10/7.

3.     Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.     Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated:  May 10, 2019           Respectfully submitted,

By:   /s/ David G. Sigale
          Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com
*Attorney for Plaintiffs*