IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY,<br><br>      Plaintiffs,<br><br>v.<br><br>BEVERLY J. WALKER, in her official capacity as Director of the Illinois Department of Children and Family Services, and LISA MADIGAN, in her official capacity as Attorney General of the State of Illinois,<br><br>      Defendants. | Case No. 3:18-CV-3085 |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL

NOW COME the Plaintiffs, JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, by and through LAW FIRM OF DAVID G. SIGALE, P.C., their attorney, and for their Response to the Defendants' Motion to Compel, states as follows:

STATEMENT OF FACTS

1. Plaintiffs are challenging the provisions of Section 10/7 of the Illinois Child Care Act of 1969 (225 ILCS 10/7), and Section 406.8(a) of JCAR ("General Requirements for Day Care Homes"), that prohibit them as a day care home from having loaded functional firearms in their home for self-defense purposes, and that

prohibit them from having handguns in their home at all, regardless of whether it is unloaded or where and how it is stored.

2. Plaintiffs are also challenging the provisions of Section 10/7 of the Illinois Child Care Act of 1969 (225 ILCS 10/7), and Rule 402.8(i) of the IDCFS Rules ("General Requirements for the Foster Home"), that prohibit them from having loaded functional firearms in their home for self-defense purposes as foster parents.

3. Defendant has propounded discovery requests asking for details of the firearms owned by Plaintiffs. Plaintiffs objected to the inquiry as oppressive and irrelevant, prompting the instant discovery dispute.

4. Plaintiffs disclosed copies of their FOID cards and CCLs (Responses to Requests for Production ## 4-7).

5. Further, the Plaintiffs disclosed that they have no illegal firearms and are in compliance with "all state laws, including the statutes and regulations at issue in this lawsuit." (A to I #2.)

6. They further disclosed that "any firearms in Plaintiffs' possession are stored unloaded in a locked safe to which only Plaintiffs have access, in a room to which only Plaintiffs have access, unless on Plaintiff Darin Miller's person or stored in a locked container in his vehicle consistent with his concealed carry license." (A to I #3.) Therefore, despite the Firearm Concealed Carry Act ("FCCA") allowing handguns in the home when daycare children are not present, Plaintiffs are forced to keep a concealed handgun in a car safe.

7.  As to the completely irrelevant question of whether Plaintiffs have "ever" owned a handgun, Plaintiffs stated they have owned handguns, including currently. They also listed the handguns they have owned in the past (A to I #7).

8.  As to ammunition, the Plaintiffs disclosed that "[a]ny ammunition is locked in a separate safe from any firearms to which only Plaintiffs have access, unless loaded in a firearm currently being used for defensive or other lawful purposes, or stored in Darin Miller's vehicle pursuant to his concealed carry license." (A to I #4.)

## ARGUMENT

### I. THE DEFENDANTS' DISCOVERY REQUESTS SHOULD BE LIMITED TO PREVENT THE DISCLOSURES.

Plaintiffs seek a Protective Order pursuant to F.R. Civ. P. 26(c)(1) to prevent "annoyance, embarrassment, *oppression*, or undue burden or expense . . . ." (Emphasis added.)

Primarily, Plaintiffs seek the remedy of Rule 26(c)(1)(A), of "forbidding the disclosure or discovery." Plaintiffs also seek the remedy of Rule 26(c)(1)(D), of "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

"[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 (1978) (superseded by statute on other grounds). "Likewise, discovery should be denied when a party's aim is to delay

3

bringing a case to trial, or embarrass or harass the person from whom he seeks discovery." *Id.*

### Defendants' Requests Are Not Relevant to Standing.

The issue in this case is whether the Defendants' statutes and rules preventing foster parents and home daycare providers from possessing readily-available firearms on their persons or in a locked safe for self-defense purposes violates the Second Amendment.

The Defendants, in the course of discovery, have requested information on all firearms and ammunition owned by the Plaintiffs. The question is irrelevant and cannot lead to relevant information, and would place the Millers in a worse position than any other firearm owner in the State of Illinois, simply for challenging an unjust law.

The constitutionality of the prohibitions at issue does not at all depend on what firearms, if any, the Millers own. For standing purposes, a FOID card and concealed carry license are all that is required to establish that they could possess readily-available firearms for self-defense if the laws were changed. Therefore, asking for information the State otherwise has no right to know is oppressive and harassing.

### Defendants' Requests Are Not Relevant to Evaluating the Challenges Laws and Regulations.

While *District of Columbia v. Heller* may have proscribed the possession of short-barreled shotguns (554 U.S. 570, 625 (2008)) Defendants cannot be thinking that is what Plaintiffs wish to keep in a locked safe in their bedroom for emergency

4

self-defense needs. Further, Plaintiffs already disclosed they have no illegal firearms, and even if Plaintiffs do have the type of "assault rifles" banned in Highland Park but allowed in most of the rest of Illinois, whether they have none, one, or multiple, it does not bear on the issue of the challenged regulation. Further, such firearms, or any long gun, are allowed under the challenged laws and regulations, so long as they are unloaded in a safe where daycare or foster children cannot obtain access. As far as analysis of the legal issues in this case, the type(s) and number of firearms the Millers may possess is irrelevant. Whether the Plaintiffs keep zero, one, or multiple unloaded rifles in a locked safe where daycare or foster children cannot obtain access, the analysis is exactly the same.

    The Millers disclosed they do not have illegal firearms, and that any firearms they have are stored in accordance with the challenged laws and regulations. If they were to have illegal firearms, that would certainly make them run afoul of the Illinois Criminal Code, but it would not affect the core Second Amendment issue of whether the prohibition of having a readily-available handgun for self-defense, even if kept in compliance with the FCCA, is unconstitutional. Defendants argue as if the Plaintiffs' personal situation affects that question, but it does not. If Plaintiffs were not bringing this lawsuit, no one would be asking such questions as Defendants are asking in their discovery requests. The only reason the Millers are receiving such treatment is for having the audacity to challenge the law.

    Ironically, it would be more relevant, and less intrusive, for Defendants to simply ask if Plaintiffs have illegal firearms, or even ask about examples (short-

5

barreled shotgun, machine gun, grenade launcher). Plaintiffs could simply answer "no," and Defendant would know that the Millers do not have firearms outside the scope of the Second Amendment protections outlined in *Heller*.

This is the contrast with *Berron v. Ill. Concealed Carry Licensing Review Bd.*, 825 F.3d 843 (7th Cir. 2016), cited by Defendants. That case was entirely about the plaintiffs' concealed carry applications – the claim was that the objection was so unfair it would never be applied fairly, but the Court resisted the effort to evaluate the process so broadly. *Id.* at 846. Here, the constitutional right to possess a readily-available firearm for self-defense transcends the Plaintiffs' individual situation. Even in an as-applied analysis, it makes no difference whether Plaintiffs own zero or a random number of firearms. All that matters is that Plaintiffs are licensed to possess firearms, as well as be foster parents and daycare workers. They have been repeatedly vetted by the State, their home has been inspected, and they have repeatedly been approved.

Further, the amount and type of legal firearms that the Millers maintain in accordance with the law will not have any bearing on how and whether an expert witness opines in favor of or against the challenged prohibitions. Certainly, when the statutes and rules were enacted, nobody knew anything about the Millers. There is nothing about the Millers individually that could possibly play into the claimed government interest in these prohibitions, as if the State would repeal the laws and rules if the Millers agreed to disarm themselves and said the prohibitions were therefore no longer necessary. This case is brought by the Millers, but the

challenged laws and rules are not about them.  Since the claimed justifications will presumably be exactly the same regardless of whether the Millers have firearms, FOID cards, or, for that matter, foster care or day care licenses, the individual intrusions cannot be of relevance to an expert.

**Protective Order**

In the alternative, Plaintiffs seek the remedy of limiting the disclosure and use of the disclosed information to the parties and witnesses in this case, for use only in this case, as permitted by Rule 26(c)(1)(B).

The issue of such a limiting order was discussed in the telephone discovery conference on January 2, 2020.  Plaintiffs objected because the very persons to whom the information would be disclosed are the very persons from whom the Plaintiffs request the information be protected.

However, should the Court decide the information should be disclosed, Plaintiffs request that the information be limited to use only in this case, and not disclosed in any way to anyone beyond the attorneys, parties, and other relevant witnesses.

## CONCLUSION

Defendants seek information which is asked of no other lawful firearm owner in the State, and which has nothing to do with the question of whether it is unconstitutional to prohibit foster parents with FOID card and CCLs from possessing readily-available firearms on their person or in a locked safe for self-defense purposes.  The Millers have been vetted by both the IDCFS and the Illinois

State Police, and received their FOID cards, CCLs, day care home license, and foster parent licenses. There is no basis in this case for intrusively seeking the private information the State is requesting. Therefore, the Defendants' F.R.Civ.P. 12(e) Motion should be denied.

WHEREFORE, the Plaintiffs, JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, request this Honorable Court to deny the Defendant's Motion to Compel in its entirety, and for any and all further relief as this court deems appropriate.

Dated: January 31, 2020                                  Respectfully submitted,

                                                           /s/ David G. Sigale
                                                          Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

8

CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1. On January 31, 2020, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                /s/ David G. Sigale
                                                 Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
Tel: 630.452.4547
Fax: 630.596.4445
dsigale@sigalelaw.com