IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JENNIFER J. MILLER, <br> DARIN E. MILLER, SECOND <br> AMENDMENT FOUNDATION, <br> INC., ILLINOIS STATE RIFLE <br> ASSOCIATION, <br> and ILLINOIS CARRY, <br><br> Plaintiffs, <br><br> v. <br><br> MARC D. SMITH, in his official <br> capacity as Acting Director of the <br> Illinois Department of Children <br> and Family Services, and <br> KWAME RAOUL, in his official <br> capacity as Attorney General <br> of the State of Illinois, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br> No. 18-cv-3085 |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion to Compel Discovery Regarding Miller Plaintiffs' Firearms (d/e 30) (Motion). The request for oral argument is denied because the parties have thoroughly briefed the Motion so oral argument is unnecessary. For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiffs Jennifer and Darin Miller (collectively the Millers) are Illinois citizens and Illinois licensed foster parents. In addition, Jennifer Miller is an Illinois day care home licensee. Jennifer Miller operates a day care in their home, and the Millers are foster parents to a foster child living in their home. The Millers are members of Plaintiffs Second Amendment Foundation, Illinois State Rifle Association, and Illinois Carry. The Millers own firearms and wish to carry them for protection. The Illinois Child Care Act of 1969, 225 ILCS 10/7; § 406.8(a) of JCAR ("General Requirements for Day Care Homes"); and Rule 402.8(i) and (g) of the Illinois Department of Children and Family Services Rules ("General Requirements for Foster Homes") (Disputed Illinois Laws and Regulations) all prohibit carrying loaded functional firearms in foster homes and day care homes.[1] The Plaintiffs bring this action to seek a declaratory judgment that the Disputed Illinois Laws and Regulations violate the Second Amendment right to keep and bear arms, and also seek a permanent injunction to bar enforcement of the Disputed Illinois Laws and Regulations. See Amended Complaint for Declaratory and Injunctive Relief (d/e 19) (Amended Complaint) ¶¶ 33-50.

---

[1] The Plaintiffs also object to DCFS Forms CFS 402-A and CFS 452-2. Amended Complaint ¶¶ 36-39. For purposes of this Opinion, these forms are included in the term Disputed Illinois Laws and Regulations.

On October 4, 2019, Defendants Marc D. Smith, Acting Director of the Illinois Department of Children and Family Services, and Kwame Raoul, in his official capacity as Attorney General of the State of Illinois, served the Millers with Requests for Production of Documents and Interrogatories. On December 24, 2019, the Millers responded. <u>Motion</u>, Exhibit B, <u>Plaintiffs Jennifer J. Miller and Darin E. Miller's Responses to Defendant's First Set of Requests for Production to Jennifer and Darin Miller (Production Request Response)</u>, and Exhibit C, <u>Plaintiff Jennifer J. Miller and Darin E. Miller's Answers to Defendants Marc D. Smith and Kwame Raoul's First Interrogatories to Jennifer and Darin Miller (Interrogatory Response)</u>. The Millers objected to production requests and interrogatories that sought information about the firearms and ammunition that the Millers kept in their home. The parties met and conferred to attempt to resolve this dispute but were not successful. The Defendants then filed this Motion.

ANALYSIS

A party may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence and is proportional to the needs of the case. Fed. R. Civ. P. 12(b)(1). The federal

discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

The Defendants ask this Court to compel the Millers to provide complete written answers to Interrogatory Nos. 2, 3, and 8, and to provide all documents responsive to Request Nos. 13-15. The Court addresses each Interrogatory and Production Request at issue below separately.

Interrogatory No. 2

Interrogatory No. 2 asked the following:

2. Identify all firearms that are or were kept in your home since you applied to become licensed foster parents and/or day care home licensees, by make, model, year of manufacture, and serial number.

Motion, Exhibit C, Interrogatory Response, at CM/ECF 30-3 page 5 of 13.[2]

The Millers responded:

**ANSWER:** Objection, irrelevant, harassing, and improper. Further, as Illinois has no firearm registration requirement, this Interrogatory is merely an attempt to obtain information to which the State has no right. Plaintiff states he has no illegal firearms, and is in compliance with all state laws, including the statutes and regulations at issue in this lawsuit.

Id. at 5 of 13 - 6 of 13.  The relevance objection is overruled.  The Millers allege violations of their Second Amendment rights by not being allowed to carry loaded functional firearms in their home.  The Millers must establish that they have standing to bring this action.  Each of them must demonstrate an injury in fact.  Spokeo, Inc. v. Robins, __ U.S.__, 136 S.Ct. 1540, 1547-50 (2016); see Frank v. Gaos, __ U.S.__, 139 S.Ct. 1041, 1045 (2019).  The Millers also bring an as-applied challenge to the Disputed Illinois Laws and Regulations.  Amended Complaint for Declaratory and

---

[2] The Court uses the CM/ECF pagination for the Interrogatory Response and the Production Request Response because these two documents are not paginated.

Injunctive Relief (d/e 19), ¶ 49.  As such, the specific facts of the Millers' situation are at issue.  Hegwood v. City of Eau Claire, 676 F.3d 600, 603 (7th Cir. 2012).  The requested information about the firearms that the Millers have had in their home since they applied to become licensed foster parents and/or day care home licensees is relevant for discovery purposes.

The Millers argue that the fact that they each have an Illinois Firearm Owners Identification Card (FOID Card) and an Illinois Concealed Carry License is enough to establish standing.  The Court disagrees.  A person may secure a FOID Card and a Concealed Carry License and not possess a firearm or have the means to secure a firearm.  In such a case, the person may not be injured by the Disputed Illinois Laws and Regulations until such time that the person has the ability to secure a firearm.  See Spokeo, 136 S.Ct. at 1543 (injury in fact must be concrete and particularized).  The ownership or legal possession of a firearm may be necessary to show an injury in fact, depending on the circumstances.  Information about the Millers' firearms is, therefore, relevant for purposes of discovery to the issue of standing.  The information is also relevant for purposes of discovery to the as-applied challenge to the Disputed Illinois Laws and Regulations.  Interrogatory No. 2 seeks relevant information for purposes of discovery.

The objections that the Interrogatory is harassing and improper is also overruled. The only stated basis for the objections is that Illinois does not require registration of firearms and the Millers represent that they do not own any illegal firearms and that they are in compliance with state law. The Millers erroneously state that Interrogatory No. 2 has something to do with registration of firearms. The Defendants are not seeking to register the Millers' firearms. The Defendants are seeking information to defend themselves in this action. The Millers sued the Defendants. The Millers thereby put their ownership of firearms at issue. The Defendants are entitled to defend themselves and, therefore, are entitled to discover relevant information, including information about the firearms the Millers had in their home. The Defendants also are not required to accept the Millers' representations regarding the nature of their firearms. The Defendants are entitled to discover information and to evaluate the information independently. Interrogatory No. 2 is neither harassing nor improper. The objections are overruled. The Millers are directed to answer Interrogatory No. 2 completely and fully.

Interrogatory No. 3

Interrogatory No. 3 asked the following:

3. For each firearm identified in interrogatory no. 2, describe in detail how and when such firearm was acquired, how such

> firearm is kept or stored, and the typical or intended use for such firearm.

Motion, Exhibit C, Interrogatory Response, at CM/ECF 30-3 page 6 of 13.

The Millers responded:

> **ANSWER:**   Objection, irrelevant, harassing, and improper. Further, as Illinois has no firearm registration requirement, this Interrogatory is merely an attempt to obtain information to which the State has no right. Plaintiff states he has no illegal firearms, and is in compliance with all state laws, including the statutes and regulations at issue in this lawsuit.
>
> Over said objection, and without waiving same, any firearms in Plaintiffs' possession are stored unloaded in a locked safe to which only Plaintiffs have access, in a room to which only Plaintiffs have access, unless on Plaintiff Darin Miller's person or stored in a locked container in his vehicle consistent with his concealed carry license. Any firearms are maintained for defensive, hunting, and recreational purposes.

Id.  The Millers adequately answered all of Interrogatory No. 3 except for information about how each firearm was acquired.  The Court overrules the Millers' objection to disclosing how and when each firearm was acquired. This information is relevant to whether the Millers have complied with all other state laws with respect to their firearms.  Compliance with other laws may be relevant for discovery purposes to issues of standing and to their as-applied challenge to the Disputed Illinois Laws and Regulations.  The Defendants, again, do not have to accept the Millers' word on this issue. The Defendants are entitled to discover the factual information and

evaluate that information for themselves.  The Millers are directed to supplement their answer to Interrogatory No. 3 by stating how and when their acquired each firearm set forth in the answer to Interrogatory No. 2 that this Court has directed in this Opinion.

Interrogatory No. 8

Interrogatory No. 8 asks the following:

8. Have you ever owned a handgun? If so, state the model and the dates of ownership.

Motion, Exhibit C, Interrogatory Response, at CM/ECF 30-3 page 7 of 13.

The Millers responded:

**ANSWER:**  Objection, irrelevant, harassing, and improper. Further, as Illinois has no firearm registration requirement, this Interrogatory is merely an attempt to obtain information to which the State has no right. Plaintiff states he has no illegal firearms, and is in compliance with all state laws, including the statutes and regulations at issue in this lawsuit.

Over said objection, and without waiving same, Yes, Plaintiffs have owned handguns, including currently. Previous handguns owned include a Ruger 95 9mm, Springfield XO 9mm, S&W Bodyguard .380, and a Glock 42 .380. Do not remember dates.

Id. at CM/ECF 30-3 page 8 of 13.  The answer is sufficient with respect to handguns that the Millers previously owned.  The Millers' identified the handguns and stated that they do not remember the dates of ownership.  That is a complete response of what they know.  The Millers did not provide

any information about handguns that they currently own. The Millers repeat the same objections raised as to Interrogatory No. 2 to providing such current information. The objection is overruled for the same reasons set forth above. The Millers are ordered to state whether either of them currently owns a handgun, and if so, state the model of each such handgun and the dates of ownership of each handgun.

Production Request No. 13

Request for Production No. 13 asks for the following production:

13.   Photographs of each gun kept in your home since you applied for your day care home license or your Foster Parent license.

Production Request Response, at CM/ECF 30-2 page 8 of 16. The Millers responded:

**RESPONSE:** Objection, irrelevant, harassing, and improper. Further, as Illinois has no firearm registration requirement, this Request is merely an attempt to obtain information to which the State has no right.

Id. at CM/ECF 30-2 page 9 of 16. The Millers repeat the objections that they asserted in response to Interrogatory No. 2. The objections are overruled for the reasons set forth as to Interrogatory No. 2. The Millers are directed to produce existing responsive documents that are in their possession, custody, or control.

Production Request No. 14

Request for Production No. 14 asks for the following production:

> 14. For each gun kept in your home from the time of your application to become a licensed foster parent and/or day care home licensee to the present, a copy of the owners' manual or instructions for use, any bill of sale, receipt, or other Documents related to the purchase or transfer of such firearm, as well as Documents sufficient to show each firearm's serial number, make, model, and year purchased.

Production Request Response, at CM/ECF 30-2 page 9 of 16. The Millers responded:

> **RESPONSE:** Objection, irrelevant, harassing, and improper. Further, as Illinois has no firearm registration requirement, this Interrogatory is merely an attempt to obtain information to which the State has no right.

Id. The Millers repeat the objections that they asserted in response to Interrogatory No. 2. The objections are overruled for the reasons set forth as to Interrogatory No. 2. The Millers are directed to produce existing responsive documents that are in their possession, custody, or control.

Interrogatory No. 15

Request for Production No. 15 asks for the following production:

> 15. For all ammunition kept in your home, a copy of any owners' manual or instructions for use, any bill of sale, receipt, or other Documents related to the purchase or transfer of such ammunition, as well as Documents sufficient to show such ammunition's serial number (if any), model or type, caliber, and year purchased, as well as photographs of such ammunition.

Production Request Response, at CM/ECF 30-2 page 9 of 16.  The Millers responded:

> **RESPONSE:**  Objection, irrelevant, harassing, and improper.  Further, as Illinois has no firearm registration requirement, this Interrogatory is merely an attempt to obtain information to which the State has no right.

Id.  The Millers repeat the objections that they asserted in response to Interrogatory No. 2.  The objections are overruled for the reasons set forth as to Interrogatory No. 2.  The Millers are directed to produce existing responsive documents that are in their possession, custody, or control.

THEREFORE, IT IS ORDERED that Defendants' Motion to Compel Discovery Regarding Miller Plaintiffs' Firearms (d/e 30) is ALLOWED in part and DENIED in part.  The Millers are ordered to provide to the Defendants by February 24, 2020, the additional answers to Defendants' Interrogatories and to produce the additional documents as directed above.  The Court determines that each party should pay its own costs and expenses incurred in connection with this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(C).

ENTER:  February 4, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE