IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER SECOND AMENDMENT FOUNDATION, INC. ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, <br><br>Plaintiffs, <br><br>v. <br><br>MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, <br><br>Defendants. | Case No. 18 cv 3085 <br><br>Hon. Sue E. Myerscough Presiding Judge <br><br>Hon. Tom Schanzle-Haskins Magistrate Judge |

**JOINT MOTION TO STAY DEADLINES AND REQUEST FOR STATUS
OR, IN THE ALTERNATIVE, MOTION TO EXTEND DEADLINES**

Defendants MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois ("Defendants"), by and through their counsel, and Plaintiffs Jennifer Miller, Darin Miller, the Second Amendment Foundation, The Illinois State Rifle Association, and Illinois Carry (collectively, "Plaintiffs," and together with Defendants, "the Parties"), by and through their counsel, move this Court to stay all discovery deadlines for the time being and request a status hearing in early June to set new deadlines. In the alternative, the Parties move this Court for an extension of all discovery deadlines by 90 days. In support of their Motion, the Parties state as follows:

1. On February 27, 2020, the Court issued a new scheduling order in this case. *See* February 27, 2020 Text Order, *Miller et al., v. Smith, et al*, No. 18-cv-3085 (C.D. Ill.). Under that

1

schedule, fact discovery is set to close on July 1, 2020, with expert discovery deadlines and deadlines for dispositive motions scheduled thereafter. On March 4, 2020, the Court set an additional deadline of March 25, 2020, for the Organizational Plaintiffs' supplemental productions, with Defendants to file any Motion to Compel by April 7, 2020. March 4, 2020 Minute Entry, *Miller, et al. v. Smith, et al.*, No. 18-cv-3085 (C.D. Ill.).

2. These dates were set before the full magnitude of the current public health crisis caused by the spread of the novel coronavirus became evident.

3. Now, the parties find that they are substantially unable to move forward with discovery due to health risks and to the restrictions on movement and gathering that have been put in place by state and local authorities.

4. As the Court is no doubt aware, the number of COVID-19 cases in Illinois has risen to 422 as of March 20, 2020, while the total nationwide has grown to more than 15,000. The risk of harm is low for most people. Nevertheless, a person who has no or only mild symptoms may pass the virus on to someone whose risk of serious illness is substantially higher, such as an older person.[1]

5. To mitigate the spread of the virus, the White House,[2] the Centers for Disease Control,[3] and the Illinois Department of Public Health[4] have issued guidelines for the public which strongly discourage non-essential travel, encourage people to stay at home and to work from home, and encourage people to remain six feet away from anyone who is not a

---

[1] https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf
[2] *Id.*
[3] https://www.cdc.gov/coronavirus/2019-ncov/prepare/prevention.html
[4] http://dph.illinois.gov/sites/default/files/COVID-19_SocialDistancing.pdf

member of their household (so-called "social distancing"). And today, the Governor of Illinois issued a "stay-at-home" order for the entire state.[5]

6. It is simply not possible for the Parties to comply with the above guidance and requirements and still proceed with fact discovery as planned.

*Depositions*

7. The Parties had scheduled depositions for Plaintiff Jennifer Miller and the Miller children for the end of March in Springfield, IL. They had been working to schedule additional depositions in early April, at least some of which would also occur in Springfield.

8. The Parties cannot safely proceed with these depositions. The depositions would necessitate travel and would inevitably bring people into social contact at unsafe distances. They therefore would jeopardize the health of counsel, witnesses, and even the court reporters.

9. In addition, the Parties have reason to be concerned that some witnesses are at high risk of serious illness.

10. For these reasons, the parties are postponing all depositions indefinitely.

*Written Discovery*

11. In addition, the Parties are attempting to move forward with written discovery, but even these efforts are hindered by the restrictions on movement. Counsel for Defendants have been strongly encouraged to work from home. The staff of DCFS are working remotely. Support staff are also working remotely or are not working at this time. These constraints

---

[5] https://chicago.suntimes.com/coronavirus/2020/3/20/21188526/shelter-in-place-order-illinois-pritzker-coronavirus-stay-at-home-lightfoot-businesses

make it difficult to assemble documents and process them for production, especially highly sensitive material that will be produced by DCFS.

12. For similar reasons, counsel for Plaintiffs does not know whether he will be able to meet the March 25, 2020 deadline set by the Court for Plaintiffs' supplemental production because there is a distinct possibility he will be unable to obtain certain information by that deadline.

13. Written discovery, therefore, cannot continue as planned.

14. The difficulties described above make it almost certain that the parties will not be able to complete fact discovery by the July 1, 2020 deadline. For these reasons, then, the Parties move the Court for an indefinite stay of all discovery existing discovery deadlines, including those set on March 4, 2020, and ask the Court to hold a status conference in early June to determine how much discovery remains to be completed and to set new deadlines at that time.

15. In the alternative, and for the foregoing reasons, the parties move this Court for an Order extending all discovery deadlines by 90 days.

WHEREFORE, the Parties respectfully ask this Court to grant their Motion for a stay of all discovery deadlines with a status conference to be held in early June. In the alternative, the Parties request that all discovery deadlines be extended by 90 days.

| Dated: March 20, 2020 | Respectfully Submitted, |
|---|---|
| s/ David G. Sigale | /s/ Gretchen E. Helfrich |
| David G. Sigale<br>LAW FIRM OF DAVID G. SIGALE, P.C.<br>430 West Roosevelt Road<br>Wheaton, IL 60187<br>630.452.4547 (Tel.)<br>630.596.4445 (Fax) | Gretchen E. Helfrich<br>Matthew V. Chimienti<br>Aaron P. Wenzloff<br>Assistant Attorneys General<br>100 W. Randolph St., 11th Floor<br>Chicago, IL 60601 |

dsigale@sigalelaw.com

*Counsel for Plaintiffs*

(312) 814-8570
E-mail: ghelfrich@atg.state.il.us
E-mail: mchimienti@atg.state.il.us
E-mail: awenzloff@atg.state.il.us

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Gretchen Helfrich, an attorney, certify that on March 20, 2020, I caused a copy of the foregoing **Joint Motion to Stay Deadlines And Request For Status or, in the Alternative, Motion to Extend Deadlines** to be served on all counsel of record by filing it via the Court's ECF filing system.

s/ Gretchen Helfrich