IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER SECOND AMENDMENT FOUNDATION, INC. ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY,<br><br>    Plaintiffs,<br><br>MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois,<br><br>    Defendants. | Case No. 18 cv 3085<br><br>Hon. Sue E. Myerscough Presiding Judge<br><br>Hon. Tom Schanzle-Haskins Magistrate Judge |

**DEFENDANTS' MOTION TO COMPEL THE ORGANIZATIONAL PLAINTIFFS**

Defendants respectfully move this Court for an Order compelling Plaintiffs Second Amendment Foundation ("SAF"), Illinois State Rifle Association ("ISRA"), and Illinois Carry ("IC") (collectively, "Organizational Plaintiffs") to produce within five business days records responsive to Request for Production 2, and ordering SAF and ISRA to produce within five business days records responsive to Request for Production 7.

**Introduction and Factual Background**

On April 16, 2018, the Plaintiffs filed this action challenging certain provisions of the Illinois Child Care Act and related regulations restricting possession and storage of firearms by licensed foster parents and day care home licensees. *See* Am. Compl., ¶¶ 30, 29[1], 36. The challenged provisions require, with certain exceptions, that all firearms in a licensed foster home or day care home be kept in locked storage, with ammunition locked and stored separately. *Id.* In addition,

---

[1] The paragraphs in the Amended Complaint are not numbered sequentially.

handguns are prohibited in a day care home. *Id.*, ¶¶ 30, 29. The Organizational Plaintiffs are non-profit membership organizations. *Id.*, ¶¶ 17, 19, 21. They claim standing based on their assertion that the Plaintiff Millers are members and licensees represented by the Organizational Plaintiffs. *Id.*, ¶ 23. Additionally, the Organizational Plaintiffs claim they have other, unnamed members who are licensed foster parents and/or day care home licensees who would possess handguns if not for the regulations and statutes challenged. *Id.*, ¶¶ 18, 20, 22.

On October 4, 2019, Defendants propounded written discovery on the Organizational Plaintiffs. Among other things, the written discovery sought documents including annual reports and information made public on gun safety, foster parenting, and day care. The Organizational Plaintiffs produced initial responses in January 2020. *See* Org. Pls' R. 34 Responses, attached as **Exs. A-C**. The Organizational Plaintiffs have not objected to any of the Requests at issue in this Motion, but they did not produce all responsive documents in their possession.

Defendants' counsel has conferred with Plaintiffs' counsel on the deficiencies, but the Plaintiffs have not remedied them. *See* Feb. 5, 2020 Letter, attached as **Ex. D**; Feb. 13, 2020 Email, attached as **Ex. E**. After a conference with the Court, the Organizational Plaintiffs agreed to produce supplemental information on or by March 25, 2020. *See* Minute Entry of March 4, 2020. In light of the COVID-19 crisis, Defendants' counsel agreed to allow the Organizational Plaintiffs until April 3, 2020 to produce. On that date, Plaintiffs produced a single annual report and one set of range instructions, but nothing else. Because additional responsive material exists but has not been produced, Defendants file this Motion to Compel.[2]

---

[2] In light of the COVID-19 Pandemic, Defendants do not object to the Court entering an Order allowing Plaintiffs additional time to search for responsive information. *See* Dkt. 37.

**Legal Standard**

Rule 26(b) of the Federal Rules of Civil Procedure permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Furthermore, "the test for relevance in the discovery context is very broad. A request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Dekeyser v. Thyssenkrupp Waupaca, Inc.*, 2015 WL 10937559, at *3 (E.D. Wis. Apr. 10, 2015). Defendants seek relevant, non-privileged information regarding the subject matter of the lawsuit, public information made available by the Organizational Plaintiffs related to the issues in the lawsuit, and background information related to the Organizational Plaintiffs themselves.

Furthermore, '[t]he party opposing discovery bears the burden of showing why it should be disallowed." *Belcastro v. United Airlines, Inc.*, 2019 WL 1651709, at *3 (N.D. Ill. Apr. 17, 2019). Additionally, parties are required to make a reasonable inquiry to determine whether responsive documents exist. *United States ex rel. Proctor v. Safeway, Inc.*, 2018 WL 1210965, at *3 (C.D. Ill. Mar. 8, 2018). Plaintiffs cannot meet their burden here. Plaintiffs have not shown that they have sufficiently searched for responsive information, particularly given the significant relevance of the documents requested and the reasonable likelihood that such documents exist.

**Argument**

I.  REQUEST FOR PRODUCTION NO. 2 AS TO ALL ORG. PLAINTIFFS

Defendants' Request for Production No. 2 seeks "[a]ll Documents, including articles of incorporation, by-laws, mission statements, statements of purpose, annual reports, or other similar materials that relate to the purposes for which [each Organizational Plaintiff] was organized or

3

operates." The Organizational Plaintiffs produced certain by-laws documents and referred Defendants to their individual websites to search for the remaining responsive information. Defendants' counsel searched the websites and did not find any annual reports. Defendants' counsel conferred with Plaintiffs' counsel about the lack of annual reports, and Defendants agreed to narrow their request to annual reports for the past five years.

The only document Plaintiffs produced is the 2019 Annual Report produced by SAF on April 3, 2020. SAF did not produce annual reports for the five-year period requested, nor did it state that those documents do not exist. Similarly, neither ISRA nor IC produced any annual reports. Under the Illinois General Not For Profit Corporation Act of 1986, corporations organized as not for profit organizations must file an annual report. 805 ILCS 105/114.05. Similarly, the State of Washington, where SAF is incorporated, requires the filing of an annual report under the Washington Nonprofit Corporation Act. Rev. Code of Wash. § 24.03.395. Because SAF, ISRA, and IC are not for profit organizations (or so Defendants understand them to be), they are legally required to file annual reports. These organizations may also provide annual reports to their donors or members. Any such reports bear directly on basic foundational information about these Plaintiffs' organizational purposes, a factor relevant to their standing. *Sierra Club v. Franklin Cty. Power of IL, LLC*, 546 F.3d 918, 924 (7th Cir. 2008) (Representational standing requires that "the interests at stake in the litigation are germane to the organization's purpose"). Defendants request an Order requiring the Organizational Plaintiffs to produce any and all annual reports for the past five (5) years in response to Request for Production No. 2.

II.     REQUEST FOR PRODUCTION NO. 7 AS TO SAF AND ISRA

Defendants' Request for Production No. 7 seeks "[a]ll documents related to any information provided or made publicly available by [Organizational Plaintiff] to its members or the

4

public on gun safety, gun storage, hunting safety, children and guns, self-defense, foster parenting, or day care." SAF produced one pamphlet. ISRA produced a document entitled "Range Manual" on April 3, 2020. The Organizational Plaintiffs claim that educating the public about firearm-related issues is among their purposes. In fact, Plaintiff SAF publishes four separate periodicals about firearms. The Journal on Firearms and Public Policy is a SAF publication about the "legal, economic, historical and other scholarly research about the Second Amendment." *See* https://www.saf.org/journal-on-firearms-public-policy/. The Second Amendment Foundation Reporter provides quarterly updates on various issues of interest to SAF members. *See* https://www.saf.org/second-amendment-reporter/. TheGunMag.com provides news updates and other information for SAF members and subscribers. *See* http://www.thegunmag.com/. Finally, the Gottlieb-Tartaro Report is described as "The Insiders [sic] Guide for Gun Owners." *See* https://www.saf.org/wp-content/uploads/2019/11/GT-Sept-2016.pdf; *see also* https://www.saf.org/the-gottlieb-tartaro-report/.

Similarly, ISRA has a "News" page on its website on which it publishes updates on everything from gun range availability to legislation and litigation. *See* https://www.isra.org/News.aspx. Counsel for Defendants raised this issue with counsel for Plaintiffs, but received no response. *See* **Ex. D** at 3, **Ex. E**. Defendants request Organizational Plaintiffs be required to produce all responsive documents, or to provide a sworn response that no additional documents exist.

**WHEREFORE**, the Defendants respectfully request that this Court enter an Order compelling the Organizational Plaintiffs to fully respond to Defendants' Requests for Production No. 2 and requiring SAF and ISRA to fully respond to Defendants' Request for Production No. 7. Defendants request such further relief as this Court deems just and equitable.

Dated: April 7, 2020

Respectfully Submitted,

/s/ Gretchen E. Helfrich
Gretchen E. Helfrich
Matthew V. Chimienti
Aaron P. Wenzloff
Assistant Attorneys General
100 W. Randolph St., 11th Floor
Chicago, IL 60601
(312) 814-8570
E-mail: ghelfrich@atg.state.il.us
E-mail: mchimienti@atg.state.il.us
E-mail: awenzloff@atg.state.il.us
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

    I, Gretchen E. Helfrich, certify that on April 7, 2020, I filed the foregoing **Defendants' Motion to Compel the Organizational Plaintiffs** via the Court's CM/ECF System, which caused a copy of the foregoing motion and all exhibits thereto to be electronically served on all counsel of record.

                                          /s/ Gretchen E. Helfrich
                                          Assistant Attorney General