IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, *et al.*, | Case No. 18 cv 3085 |
| Plaintiffs, | Hon. Sue E. Myerscough<br>Presiding Judge |
| v. | |
| MARC D. SMITH, *et al.*, | Hon. Tom Schanzle-Haskins<br>Magistrate Judge |
| Defendants. | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56**

Defendants MARC SMITH, in his official capacity as director of the Department of Children and Family Services, and KWAME RAOUL, Attorney General of Illinois, by and through their undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this honorable Court to enter summary judgment in favor of Defendants and against Plaintiffs. In support thereof, it is stated:

1.   Plaintiffs Jennifer and Darin Miller are DCFS-licensed foster caregivers. Jennifer Miller is a DCFS-licensed day care home operator.

2.   The Millers, along with the Organizational Plaintiffs Illinois State Rifle Association, Illinois Carry, and the Second Amendment Foundation, on behalf of their members, claim that their right to keep and bear arms under the Second Amendment to the United States is infringed by 89 Ill. Admin. Code § 402.8(o) (as well as certain forms related thereto), a DCFS regulation which prohibits loaded guns in a foster home and requires that firearms be stored locked, unloaded, and separate from ammunition, which must also be locked.

3.   All Plaintiffs also claims that their Second Amendment rights are violated by 225 ILCS 10/7(13)–(15) and 89 Ill. Admin. § 406.8(17)–(18), a provision of the Child Care Act and

corresponding DCFS regulation that prohibits handguns on the premises of a day care home and requires that other firearms be kept in a disassembled state, unloaded, locked, separated from ammunition, which must also be locked.

4. The Millers knowingly and voluntarily waived any Second Amendment rights to keep or store firearms in a manner contrary to the above provisions when the agreed to become licensed foster caregivers and a licensed day care home operator.

5. Even if their rights were not waived, the challenged provisions are outside the scope of the Second Amendment for multiple reasons.

6. First, both regulations are consistent with a historical tradition of regulating storage of gunpowder (the historical antecedent to ammunition) and access to firearms by minors.

7. Second, the regulation related to day care homes is a presumptively valid regulation of a sensitive place, akin to a school.

8. Third, the regulation related to foster homes is a regulation in a longstanding tradition permitting the government to exercise control over the work of those with whom it contracts.

9. Even if the Court were to find that the challenged provisions are within the scope of the Second Amendment, it should subject them to relatively lax scrutiny because neither regulation is a severe burden on the right to keep and bear arms, and neither restricts activity close to the core of the Second Amendment.

10. Under any degree of scrutiny, the challenged provisions are substantially related to the important government interest in ensuring the safety of children. The regulations mandate practices that have been shown to reduce the risk to children of suicide, homicide, and

unintentional injury by firearms. The provisions are thus permissible under the Second Amendment.

11.For all of these reasons, Defendants are entitled to summary judgement against the Millers.

12.Defendants are also entitled to summary judgment against the Organizational Plaintiffs because their claims derive from the Millers, who are the only members of their organizations affected by these rules.

13.Finally, all claims against Defendant Raoul must fail because he is not a proper party.

WHEREFORE, Defendants pray that this honorable Court enter summary judgment in favor of Defendants and against Plaintiffs on all claims.

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By:/s/ Matthew V. Chimienti
Gretchen Helfrich, #6300004
Matthew V. Chimienti, #6312531
Aaron P. Wenzloff, #6329093
Assistant Attorneys General
100 W. Randolph St., 11th Floor
Chicago, Illinois 60601
(312) 814-3000
Gretchen.Helfrich@ilag.gov
Matthew.Chimienti@ilag.gov
Aaron.Wenzloff@ilag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Matthew V. Chimienti, an attorney, certify that on November 12, 2021, I caused the foregoing **Defendants' Motion for Summary Judgment** to be electronically filed via the Court's CM/ECF system and thereby served on all counsel of record.

/s/ Matthew V. Chimienti
Assistant Attorney General