E-FILED
Friday, 12 November, 2021  03:35:14 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 3
# Defendant Smith's Answer to Interrogatories

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

JENNIFER J. MILLER, DARIN E. MILLER,   )
SECOND AMENDMENT FOUNDATION, INC.,   )
ILLINOIS STATE RIFLE ASSOCIATION, and   )
ILLINOIS CARRY,   )
   )   Case No. 18 cv 3085
      Plaintiffs,   )
        v.   )
   )   Hon. Sue E. Myerscough
MARC D. SMITH, in his official capacity as   )   Presiding Judge
Acting Director of the Illinois Department of Children and   )
Family Services, and KWAME RAOUL, in his   )   Hon. Tom Schanzle-Haskins
official capacity as Attorney General of the State of   )   Magistrate Judge
Illinois,   )
   )
      Defendants.   )

**DEFENDANT SMITH'S ANSWERS AND OBJECTIONS TO PLAINTIFFS'
F.R.CIV.P. 33 INTERROGATORIES**

Defendant Marc D. Smith, in his official capacity as Acting Director of the Illinois Department of Children and Family Services (hereafter "Defendant"), submits the following answers and objections to Plaintiffs' F.R.Civ.P. 33 Interrogatories:

**INTERROGATORIES**

1.    For each of the following foster family home and/or day care home policies/requirements/documents, identify (A.) any and all reasons claimed by you at the time of passage/enactment as justifications for enacting said section; (B.) to the extent they are different, identify all reasons claimed by you as of the date of answering these Interrogatories as justifications for enacting said section (if a section was amended between the date of passage/enactment and the present date, answer (A.) for all versions of the section, and (B.) as to the current version):

    a.   Rule 402.8(i) of the Licensing Standards for Foster Family Homes;

1

b. CFS 402-A, "Section III. Firearms", including the requirement that the prospective foster parent make the following certification: I certify that there are no firearms on the premises, but will immediately notify the Licensing Representative and complete CFS 452-2, Foster Family Firearms Arrangement, if I, or any member of the foster family home, acquires a firearm:

c. Form CFS 452-2 is entitled *Foster Family Firearms Agreement*;

d. Policy Guide 2015.08 – Enhanced Firearm Safety in Foster Family Homes.

e. 225 ILCS 10/7(a)(13), (14), and (15).

f. JCAR Title 89, Section 406.8(a)(17) and (18).

**<u>ANSWER:</u>**          Defendant Smith objects to this Interrogatory as overbroad and unduly burdensome in that past versions of the above items that are no longer current are not at issue in this litigation.  Defendant Smith also objects that "justifications" is vague; the parties may have different legal interpretations of this phrase.  Defendant Smith further objects that subquestions (A) and (B) applied to each item (a)-(f) amount to 12 discrete subparts and, in accordance with Rule 33(a)(1), are counted separately toward Plaintiffs' total allowance of 25 Interrogatories. Defendant Smith further objects that this Interrogatory is premature given the early stage of this litigation and reserves his right to supplement his response; Defendant Smith further reserves his right to proffer expert testimony regarding the subject matter of this Interrogatory in accordance with Rule 26(a)(2). Subject to and without waiving these objections, Defendant Smith states as follows:

Rule 402 was adopted in 1981. 5 Ill. Reg. 9555 (Ill. Dept. of Children and Family Servs. Sept. 25, 1981). Rule 402.7(d) stated, "[p]rescription and nonprescription drugs, dangerous household supplies, dangerous tools, weapons, guns, and ammunition shall be kept in a safe place.

Loaded guns shall not be kept in a foster home unless required by law enforcement officers and in accordance with their safety procedures." *Id.* at 9560. The notice of adopted rulemaking indicates that the purpose of the rule is to "prescribe the standards for licensure as a foster family home and to describe how to apply for a license." *Id.* at 9553. Defendant reserves the right to supplement this answer, including with expert testimony.

Rule 402.7(d) was renumbered as Rule 402.8(d) in 1983. 7 Ill. Reg. 3443 (Ill. Dept. of Children and Family Servs. April 1, 1983). No changes were made to the text of the rule. *Id.* The notice of adopted rulemaking indicates that the purpose of the amendment was to renumber sections 402.6 through 402.29 after the amendments to section 402.5. *Id.* at 3439. Defendant reserves the right to supplement this answer, including with expert testimony.

Rule 402.8(d) was amended in 1987 to state, "[p]rescription and nonprescription drugs, dangerous household supplies, dangerous tools, weapons, guns, and ammunition shall be kept in a safe place. Loaded guns shall not be kept in a foster home unless required by law enforcement officers and in accordance with their law enforcement agency's safety procedures." 11 Ill. Reg. 4296-97 (Ill. Dept. of Children and Family Servs. Mar. 13, 1987). Defendant reserves the right to supplement this answer, including with expert testimony.

In 1999, Rule 402.8(d) was amended. 23 Ill. Reg. 7877 (Ill. Dept. of Children and Family Servs. July 16, 1999). The amended rule regarding firearms and ammunition was renumbered as Rule 402.8(e) and stated, "[a]ny and all firearms and ammunition shall be locked up at all times and kept in places inaccessible to children. No firearms possessed in violation of a State or federal law or a local government ordinance shall be present in the home at any time. Loaded guns shall not be kept in a foster home unless required by law enforcement officers and in accordance with their law enforcement agency's safety procedures." *Id.* at 7880. The notice of adopted

3

amendments indicates that the purpose of the 1999 amendment was "to require that foster parents keep firearms and ammunition locked and inaccessible to foster children.  This rulemaking will afford greater protection from injuries from firearms for children in foster care."  *Id.* at 7877. Defendant reserves the right to supplement this answer, including with expert testimony.

In 2000, Rule 402.8(e) was amended. 24 Ill. Reg. 17052 (Ill. Dept. of Children and Family Servs. November 17, 2000). The rule regarding firearms and ammunition was renumbered as Rule 402.8(f). *Id*. at 17055–56. Defendant reserves the right to supplement this answer, including with expert testimony.

In 2002, Rule 402.8(f) was amended. 26 Ill. Reg. 2624 (Ill. Dept. of Children and Family Servs. February 22, 2002). The rule regarding firearms and ammunition was renumbered as Rule 402.8(g). *Id.* at 2638. Defendant reserves the right to supplement this answer, including with expert testimony.

Rule 402.8(g) was amended in 2009.  33 Ill. Reg. 11441 (Ill. Dept. of Children and Family Servs. August 7, 2009). The rule regarding firearms and ammunition was renumbered as Rule 402.8(i). *Id.* at 11456.  Defendant reserves the right to supplement this answer, including with expert testimony.

At the time of verification, Rule 402.8 is again in the process of being amended.  DCFS initiated rulemaking in late June 2019 to bring DCFS's rules into harmony with the National Model Foster Family Home Licensing Standards adopted and issued in February 2019 by the Children's Bureau of the Administration on Children, Youth and Families of the U.S. Department of Health and Human Services ("Children's Bureau").  The Children's Bureau's rulemaking was in response to requirements for such rulemaking contained in the Family First Prevention Services Act, signed into federal law on February 9, 2018.  Bipartisan Budget Act of 2018, Pub. L. No. 115-123.  The

Children's Bureau's stated purpose in enacting these rules was, in part, "to retain more stringent standards that ensure the safety and well-being of children placed in a foster family home." *See* Information Memorandum, ACYF-CB-IM-19-01, available at https://www.acf.hhs.gov/sites/default/files/cb/im1901.pdf. Defendant will also produce this document.

The Illinois DCFS rulemaking is currently in the process of final adoption. If enacted as currently drafted, the rule regarding firearms and ammunition will state that "[a]ny and all firearms and ammunition shall be stored and locked up separately at all times and kept in places inaccessible to children. No firearms possessed in violation of a State or federal law or local government ordinance shall be present in the home at any time. Loaded guns shall not be kept in a foster home unless required by law enforcement officers and in accordance with their law enforcement agency's safety procedures." Defendant reserves the right to supplement this answer, including with expert testimony.

Form CFS 452-A, Acknowledgement of Compliance Part 402 Licensing Standards for Foster Family Homes was created in February 2006. Form CFS 452-2, Foster Family Firearms Agreement, was created in February 2006. Foster family home applicants fill out these forms as part of the application process, to certify that they are in compliance with the various requirements imposed by DCFS regulations. Defendant reserves the right to supplement this answer, including with expert testimony.

Rule 406 was adopted in 1983. 7 Ill. Reg. 7855 (Ill. Dept. of Children and Family Servs. July 1, 1983). Rule 406.8(a)(13) stated, "Ammunition and firearms located anywhere on the premises shall be locked at all times in a closet, cabinet, or other locked storage facility whenever children are present." *Id.* at 7876. The notice of adopted rulemaking indicates that the purpose of

the rule is to "describe the standards for licensure as a day care home and explain how to apply for a license." *Id.* at 7868.  Defendant reserves the right to supplement this answer, including with expert testimony.

In 1991, Rule 406 was amended through the expedited procedure for emergency rulemaking.  15 Ill. Reg. 15088 (Ill. Dept. of Children and Family Servs. Oct. 18, 1991).  Rule 406.8(a)(13) was amended to state, "Handguns are prohibited on the premises of the day care home except in the possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside in the day care home."  *Id.* at 15095.  Rule 406.8(a)(14) was amended to state, "Any firearm other than a handgun in the possession of a peace officer or other person as provided above, shall be kept in a disassembled state, without ammunition, in locked storage in a closet, cabinet, or other locked storage facility inaccessible to children.  Ammunition for such firearm(s) shall be kept in locked storage separate from that of the disassembled firearm(s), inaccessible to children."  *Id.*  Rule 406.8(a)(15) was amended to state, "The operator of the home shall notify the parent(s) or guardian of any child accepted for care that firearm(s) and ammunition are stored on the premises.  The operator shall also notify the parent(s) or guardian that such firearms and ammunition are locked in storage inaccessible to children.  Such notification need not disclose the location where the firearms and ammunition are stored.  (Section 7 of the Act)."  *Id.* at 15095-96.  The notice of emergency amendments indicate that the amendments "establish minimum requirements pertaining to safety, hygiene, and space requirements."  *Id.* at 15088.  Defendant reserves the right to supplement this answer, including with expert testimony.

In 1992, Rule 406 was permanently amended.  16 Ill. Reg. 7602 (Ill. Dept. of Children and Family Servs. May 15, 1992).  Rule 406.8(a)(13) was amended to state that "Handguns are

prohibited on the premises of the day care home except in possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside in the day care home." *Id.* at 7616.  Rule 406.8(a)(14) was amended to state, "Any firearm, other than a handgun in the possession of a peace officer or other person as provided above, shall be kept in a disassembled state, without ammunition, in locked storage in a closet, cabinet, or other locked storage facility inaccessible to children.  Ammunition for such firearm(s) shall be kept in locked storage separate from that of the disassembled firearm(s), inaccessible to children." *Id.*  Rule 406.8(a)(15) was amended to state, "The operator of the home shall notify the parent(s) or guardian of any child accepted for care that firearms and ammunition are stored on the premises.  The operator shall also notify the parent(s) or guardian that such firearms and ammunition are locked in storage inaccessible to children.  (Section 7 of the Act)  Such notification need not disclose the location where the firearms and ammunition are stored." *Id.*  The notice of adopted amendments indicated that the purpose of the amendments was to make "changes necessary for the health and safety of children receiving day care services." *Id.* at 7606-07.  Defendant reserves the right to supplement this answer, including with expert testimony.

In 2001, Rule 406.8(a)(14) was amended to state, "Any firearm, other than a handgun in the possession of a peace officer or other person as provided in subsection (a)(13), shall be kept in a disassembled state, without ammunition, in locked storage in a closet, cabinet, or other locked storage facility inaccessible to children.  Ammunition for such firearms shall be kept in locked storage separate from that of the disassembled firearms, inaccessible to children."  25 Ill. Reg. 5731 (Ill. Dept. of Children and Family Servs. Apr. 27, 2001).  In 2001, Rule 406.8(a)(15) was amended to state, "The operator of the home shall notify the parents or guardian of any child accepted for care that firearms and ammunition are stored on the premises.  The operator shall also

notify the parents or guardian that such firearms and ammunition are locked in storage inaccessible to children.  (Section 7 of the Act)  Such notification need not disclose the location where the firearms and ammunition are stored." *Id.*  The notice of adopted amendments for the 2001 amendments indicated that the amendments were intended to "improve health and safety in day care homes by outlining more precisely basic health and safety measures." *Id.* at 5717.  Defendant reserves the right to supplement this answer, including with expert testimony.

In 2010, Rule 406.8 was amended.  34 Ill. Reg. 18358 (Ill. Dept. of Children and Family Servs. Nov. 29, 2010).  The amended rules regarding firearms, handguns, and ammunition were renumbered and reformatted as Rule 406.8(a)(16), Rule 406.8(a)(17), Rule 406.8(a)(17)(A), and Rule 406.8(a)(17)(B).  *Id.* at 18383.  Rule 406.8(a)(16) was amended to state, "Handguns are prohibited on the premises of the day care home except in the possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside in the day care home." *Id.*  In 2010, Rule 406.8(a)(17) was added, stating, "Any firearm, other than a handgun in the possession of a peace officer or other person as provided in subsection (a)(16), shall be kept in a disassembled state, without ammunition, in locked storage in a closet, cabinet, or other locked storage facility inaccessible to children." *Id.*  In 2010, Rule 406.8(a)(17)(A) was added, stating, "Ammunition for such firearms shall be kept in locked storage separate from that of the disassembled firearms, inaccessible to children." *Id.*  In 2010, Rule 406.8(a)(17)(B) was added, stating, "The operator of the home shall notify the parents or guardian of any child accepted for care that firearms and ammunition are locked in storage inaccessible to children.  (Section 7 of the Act)  Such notification need not disclose the location where the firearms and ammunition are stored." *Id.*  Defendant reserves the right to supplement this answer, including with expert testimony.

In 2016, Rule 406.8 was amended.  40 Ill. Reg. 10769 (Ill. Dept. of Children and Family Servs. Aug. 12, 2016).  The amended rules regarding handguns, firearms, and ammunition were renumbered as Rule 406.8(a)(17), Rule 406.8(a)(18), Rule 406.8(a)(18)(A), and Rule 406.8(a)(18)(B).  *Id.* at 10790-91.  Rule 406.8(a)(17) was amended to state, "Handguns are prohibited on the premises of the day care home except in the possession of peace officers or other adults who must possess a handgun as a condition of employment and who reside in the day care home.  The licensee shall post a 'no firearms' sign, as described in Section 65(d) of the Firearm Concealed Carry Act [430 ILCS 66/65(d)], in a visible location where parents pick up children." *Id.* at 10790-91.  In 2016, Rule 406.8(a)(18) was amended to state, "Any firearm, other than a handgun in the possession of a peace officer or other person as provided in subsection (a)(17), shall be kept in a disassembled state, without ammunition, in locked storage in a closet, cabinet, or other locked storage facility inaccessible to children."  *Id.* at 10791.  In 2016, Rule 406.8(a)(18)(A) was added, stating, "Ammunition for such firearms shall be kept in locked storage separate from that of the disassembled firearms, inaccessible to children."  *Id.*  In 2016, Rule 406.8(a)(18)(B) was added, stating, "The operator of the home shall notify the parents or guardian of any child accepted for care that firearms and ammunition are stored on the premises.  The operator shall also notify the parents or guardian that such firearms and ammunition are locked in storage inaccessible to children.  (Section 7 of the Child Care Act of 1969 [225 ILCS 10/7])  The notification need not disclose the location where the firearms and ammunition are stored." *Id.*  The notice of adopted amendments indicated that the purpose of the amendments was to implement changes required by statute, specifically Public Act 98-0817, including the addition of "No Firearms signage." *Id.* at 10770.  Defendant reserves the right to supplement this answer, including with expert testimony.

Defendant Smith further objects to providing information regarding item (d) listed in Interrogatory 1 on the grounds that such information is irrelevant, as Policy Guide 2015.08 is no longer in effect and is not challenged or even mentioned at any point in Plaintiffs' Amended Complaint, and Plaintiffs seek only prospective injunctive relief in this case.

Defendant Smith further states that at no time did DCFS pass or enact item (e) listed in Interrogatory 1.

2.      For all justifications provided in your Answer to Interrogatory Number 1, identify all bases for said justification, including their source.

**ANSWER:**      Defendant Smith objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant Smith also objects that "justifications" and "justification" are vague; the parties may have different legal interpretations of these phrases.  Defendant Smith further objects that this Interrogatory is premature given the early stage of this litigation and reserves his right to supplement his response. Defendant Smith further reserves his right to proffer expert testimony regarding the subject matter of this Interrogatory in accordance with Rule 26(a)(2). Subject to and without waiving these objections, Defendant Smith states as follows:

The Illinois Department of Children and Family Services has the legal authority, under the Abused and Neglected Child Reporting Act, 325 ILCS 5, the Adoption Act, 750 ILCS 50, the Juvenile Court Act of 1987, 705 ILCS 405, and the Children and Family Services Act, 20 ILCS 505, to place children in substitute care apart from their parents or guardians when it is in the best interests of the children.  89 Ill. Admin. Code, Chapter III, Subchapter a, Section 301, Section 301.10, 301.40.  DCFS is charged with making rules that are necessary to carry out its statutory obligations.  20 ILCS 505/4.  "Administrative rules and regulations have the force and effect of

10

law, and must be construed under the same standards which govern the construction of statutes." *People ex rel. Madigan v. Ill. Commerce Comm'n*, 231 Ill. 2d 370 (2008) (citing *Union Electric Co. v. Dept. of Revenue*, 136 Ill. 2d 385 (1990)).

Department Rule 402 provides the licensing standards that foster parents must comply with.  89 Ill. Admin. Code, Chapter III, subchapter e, Section 402, 402.1.  The purpose of the provision governing firearms and ammunition in foster homes is "to require that foster parents keep firearms and ammunition locked and inaccessible to foster children.  This rulemaking will afford greater protection from injuries from firearms for children in foster care."  23 Ill. Reg. 7877 (Ill. Dept. of Children and Family Servs. July 16, 1999).  Additionally, the ongoing rulemaking will amend Rule 402 to bring it into harmony with the National Model Foster Family Home Licensing Standards adopted and issued in February 2019 by the Children's Bureau of the Administration on Children, Youth and Families of the U.S. Department of Health and Human Services.  The Children's Bureau enacted these rules, in part, "to retain more stringent standards that ensure the safety and well-being of children placed in a foster family home."  *See* Information Memorandum,              ACYF-CB-IM-19-01,              available              at https://www.acf.hhs.gov/sites/default/files/cb/im1901.pdf.   Defendant will also produce this document.  Defendant reserves the right to supplement this answer, including with expert testimony.

With respect to Form CFS 452-A and Form CFS 452-2, foster family home applicants fill out these forms as part of the application process, to certify that they are in compliance with the various requirements imposed by DCFS regulations.  Defendant reserves the right to supplement this answer, including with expert testimony.

Department Rule 406 provides the licensing standards that day care home operators must comply with.  89 Ill. Admin. Code, Chapter III, subchapter e, Section 406, Section 406.1.  The purpose of the provisions governing firearms and ammunition in day care homes is to provide for increased safety and to protect the health and welfare of children at day care homes.  *See* 15 Ill. Reg. 15088 (Ill. Dept. of Children and Family Servs. Oct. 18, 1991) (noting the amendments "establish minimum requirements pertaining to safety, hygiene, and space requirements"); 16 Ill. Reg. 7606-07 (Ill. Dept. of Children and Family Servs. May 15, 1992) (noting the amendments were made in order to make "changes necessary for the health and safety of children receiving day care services"); 25 Ill. Reg. 5717 (Ill. Dept. of Children and Family Servs. Apr. 27, 2001) (noting the amendments were made to "improve health and safety in day care homes by outlining more precisely basic health and safety measures").  DCFS has also amended portions of Rule 406 to add language and licensing requirements consistent with statutory requirements.  *See* 40 Ill. Reg. 10770 (Ill. Dept. of Children and Family Servs. Aug. 12, 2016) (implementing "No Firearms signage" required by statute, Public Law 98-0817).  Defendant reserves the right to supplement this answer, including with expert testimony.

Defendant Smith further objects to providing information regarding item (d) listed in Interrogatory 1 on the grounds that such information is irrelevant, as Policy Guide 2015.08 is no longer in effect and is not challenged or even mentioned at any point in Plaintiffs' Amended Complaint, and Plaintiffs seek only prospective injunctive relief in this case.

Defendant Smith further states that at no time did DCFS pass or enact item (e) listed in Interrogatory 1.

3.      Identify all information in your possession regarding a link (negative or positive) between the existence of firearm possession by foster parents and firearm violence, including self-defense defensive gun uses.

**ANSWER:**          Defendant Smith objects to this Interrogatory as vague and ambiguous with respect to the phrases "self-defense defensive gun uses" and "firearm violence."  Defendant Smith further objects that this Interrogatory is overbroad and unduly burdensome.  Defendant Smith further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant Smith further objects that this Interrogatory is premature given the early stage of this litigation and reserves his right to supplement his response.  Defendant Smith further reserves his right to proffer expert testimony regarding the subject matter of this Interrogatory in accordance with Rule 26(a)(2). Subject to and without waiving these objections, Defendant Smith states as follows: pursuant to statutory authority, the Office of the Inspector General for DCFS provides annual summaries of reports and investigations made during the prior fiscal year.  *See* 20 ILCS 505/35.5.   These annual reports include examinations of the deaths or serious injuries of all Illinois children who were involved in the child welfare system in the preceding 12 months, and causes thereof, including firearms. The annual reports are publicly available at https://www2.illinois.gov/

dcfs/aboutus/OIG/Pages/com_communications_inspector_prevRep.aspx.              Investigation continues.

4.      Identify all information in your possession regarding a link (negative or positive) between the existence of private firearm possession in day care homes and firearm violence, including self-defense defensive gun uses.

**ANSWER:**          Defendant Smith objects to this Interrogatory as vague and ambiguous with respect to the phrases "self-defense defensive gun uses" and "firearm violence." Defendant Smith further objects that this Interrogatory is overbroad and unduly burdensome. Defendant Smith further objects that this Interrogatory is premature given the early stage of this litigation and reserves his right to supplement his response. Defendant Smith further reserves his right to proffer expert testimony regarding the subject matter of this Interrogatory in accordance with Rule 26(a)(2). Defendant Smith further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Defendant Smith states as follows: investigation continues.

5.      Identify all information in your possession regarding a link (negative or positive) between the existence of private firearm possession by foster parents and any justification listed in your Answer to Interrogatory Number 1, above.

**ANSWER:**          Defendant Smith objects that this Interrogatory is overbroad and unduly burdensome.  Defendant Smith further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant Smith also objects that "justification" is vague; the parties may have different legal interpretations of this phrase. Defendant Smith further objects that this Interrogatory is premature given the early stage of this litigation and reserves his right to supplement his response. Defendant Smith further reserves his right to proffer expert testimony regarding the subject matter of this Interrogatory in accordance with Rule 26(a)(2). Subject to and without waiving these objections, Defendant Smith states as follows: pursuant to statutory authority, the Office of the Inspector General for DCFS provides annual summaries of reports and investigations made during the prior fiscal year. *See* 20 ILCS 505/35.5. These annual reports include examinations of the deaths or serious injuries of all

14

Illinois children who were involved in the child welfare system in the preceding 12 months, and causes thereof, including firearms. The annual reports are publicly available at https://www2.illinois.gov/dcfs/aboutus/OIG/Pages/

com_communications_inspector_prevRep.aspx. Investigation continues.

6.      Identify all information in your possession regarding a link (negative or positive) between the existence of private firearm possession in day care homes and any justification listed in your Answer to Interrogatory Number 1, above.

**ANSWER:**      Defendant Smith objects that this Interrogatory is overbroad and unduly burdensome.  Defendant Smith further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant Smith also objects that "justification" is vague; the parties may have different legal interpretations of this phrase.  Defendant Smith further objects that this Interrogatory is premature given the early stage of this litigation and reserves his right to supplement his response.  Defendant Smith further reserves his right to proffer expert testimony regarding the subject matter of this Interrogatory in accordance with Rule 26(a)(2). Subject to and without waiving these objections, Defendant Smith states as follows: investigation continues.

7.      Identify each person likely to have discoverable information that the disclosing party may use to support its defenses, unless solely for impeachment, identifying the subjects of the information.

**ANSWER:**      Defendant Smith objects to this Interrogatory as premature in that discovery is ongoing and he has not yet determined what information he may use to support his defenses. Defendant Smith further objects to the extent this Interrogatory calls for information that is

cumulative or duplicative.  Subject to and without waiving the foregoing objections, Defendant Smith refers Plaintiffs to his Rule 26(a)(1) disclosures. Investigation continues.

8.      Identify all other persons (other than yourself and persons listed in your Answers to the previous Interrogatories, above) who have knowledge of the matters described in the allegations of the Plaintiffs' pending Complaint.

**ANSWER:**            Defendant Smith objects to this Interrogatory as vague and overbroad in that it does not specify particular events, topics, or allegations within Plaintiffs' 17-page Amended Complaint, a time period, or the nature or source of a person's knowledge.  Defendant Smith further objects to this Interrogatory to the extent that it calls for information that is cumulative or duplicative.  Subject to and without waiving the foregoing objections, Defendant Smith refers Plaintiffs to his Rule 26(a)(1) disclosures.  Investigation continues.

9.      With respect to each person who will or may testify as an expert witness in this case, identify such expert and describe in detail:

    a.  The general subject matter of the testimony of such witness;

    b.  The substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; and

    c.  The area of the witness' expertise, and the qualifications of such witness establishing him or her as an expert, including his/her knowledge, skill, experience, training or education relating to (i) health care, or (ii) the subject of the testimony.

**ANSWER:**            Defendant Smith objects to this Interrogatory to the extent that it seeks to impose obligations on him beyond those imposed by Rule 26(a)(2), different from those ordered by the court in its August 15, 2019 Scheduling Order (ECF No. 25), or to require production of information or material exempt from disclosure.  Defendant Smith further objects to that this

Interrogatory is overbroad in that it seeks irrelevant information related to "health care." Additionally, Defendant Smith objects that this Interrogatory contains 3 discrete subparts which, in accordance with Rule 33(a)(1), should be numbered separately and count toward Plaintiffs' total allowance of 25 Interrogatories.   Finally, Defendant further objects to this Interrogatory as premature.  Subject to and without waiving the foregoing objections, Defendant states that he will comply with his disclosure obligations under Rule 26(a)(2) and will disclose any expert witnesses on the schedule set by the court.

10.    With respect to each expert identified in answer to Interrogatory 7, identify in detail:

a.   His or her education, including each university degree he or she has earned, the university at which such degree was earned, and the field of study for which the degree was earned.

b.   Each position held by such expert relating in any way to his or her proposed testimony, including, without limitation, for each such position, the institution at which such position was held and the years during which such position was held.

c.   All studies, analyses, and investigations, published and unpublished, conducted by such expert relating to firearms and/or foster care, including, without limitation, the title thereof, the date thereof, the subject thereof the expert's testimony, the conclusion reached in the testimony, any remuneration paid to the expert for such testimony.

d.   The remuneration to be paid to such expert in this case.

e.   Pursuant to F.R.Civ.P. 34, produce all documents relating to your answer in subparagraph (b).

f.  Pursuant to F.R.Civ.P 34, produce all documents relating to your answer to subparagraph (c), including, without limitation, all depositions, trial transcripts, affidavits, reports and declarations.

g.  Pursuant to F.R.Civ.P 34, produce each expert's *curriculum vitae*.

h.  Pursuant to F.R.Civ.P. 34, produce all documents prepared by any expert relating to firearms and/or foster care, including, without limitation, notes, reports, affidavits, declarations, correspondence, photographs and studies.

**ANSWER:**          Defendant Smith objects to this Interrogatory to the extent that it seeks to impose obligations on him beyond those imposed by Rule 26(a)(2) or to require production of information or material exempt from disclosure.  Defendant further objects that this Interrogatory is premature.  Additionally, Defendant Smith objects that this Interrogatory contains discrete subparts which should be numbered separately, and Plaintiffs' total number of Interrogatories appears to exceed the number allowed under Rule 33(a)(1).  Subject to and without waiving the foregoing objections, Defendant states that he will comply with his disclosure obligations under Rule 26(a)(2) and will disclose any expert witnesses on the schedule set by the court.


Dated: January 22, 2020                    KWAME RAOUL
                                           Illinois Attorney General

                                      By: /s/ *Matthew V. Chimienti*
                                           Matthew V. Chimienti
                                           Gretchen E. Helfrich
                                           Aaron P. Wenzloff
                                           Assistant Attorneys General
                                           Special Litigation Bureau
                                           100 W. Randolph St., 11th Floor
                                           Chicago, Illinois 60601
                                           (312) 814-8570

## **VERIFICATION BY CERTIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that she verily believes the same to be true.

s/ Beth I. Solomon redacted pursuant to Local Rule 5.11

Date: Jan 22, 2020

Beth I. Solomon
Senior Litigation Counsel
DCFS Office of Legal Services

19

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew V. Chimienti, an attorney, certify that on January 22, 2020, I caused the foregoing **Defendant Smith's Answers and Objections to Plaintiffs' F.R.Civ.P. 33 Interrogatories** to be served upon counsel of record by electronic mail.

/s/ *Matthew V. Chimienti*
Assistant Attorney General