# EXHIBIT 10
# Illinois Carry's Answers to Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:18-CV-3085 |
| MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' ILLINOIS CARRY'S ANSWERS TO DEFENDANTS MARC D. SMITH AND KWAME RAOUL'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ILLINOIS CARRY**

TO:   Gretchen E. Helfrich, Esq.
      Assistant Attorney General
      Office of the Illinois Attorney General
      100 West Randolph Street, 11th Floor
      Chicago, IL 60601
      Gretchen.Helfrich@illinois.gov

Plaintiff, Illinois Carry, by and through LAW FIRM OF DAVID G. SIGALE, P.C., its attorney, and for its Answers to the Defendants' First Set of Interrogatories to Plaintiff Illinois Carry, states as follows:

The following Answers are based on Plaintiff's current knowledge. Additional information may be in documents or witness statements or testimony that Plaintiff has not yet reviewed or received. Plaintiff reserves the right to supplement these Answers up to and through any hearing in this matter.

1.     Identify all individuals who responded to or assisted in preparing the responses to these Interrogatories.

**ANSWER:**   Valinda Rowe, Spokesperson, 1615 Co. Rd. 325 E, Enfield, IL 62835; (618) 963-2788, vrowe@illinoiscarry.com

2.     Identify all members of Illinois Carry who are or were day care home licensees and/or foster parents in Illinois as you allege at Paragraph 22 of your Amended Complaint, including, for each member, the name, last known contact information, when they joined Illinois Carry, when they became a day care home licensee and/or foster parent, if they retain either such license, and if not, why not.

**ANSWER:**   Objection, irrelevant and not calculated to lead to discoverable information. For standing purposes, all that is relevant or discoverable is that Darin and Jennifer Miller are members of Plaintiff Illinois Carry and have standing to bring suit, that this suit is germane to Illinois Carry's organizational purposes, and individual participation of Illinois Carry's members is not necessary to the adjudication of the claims presented. The details or circumstances of said membership is harassing and improper under *NAACP v. Alabama*, 357 U.S. 449 (1958). *See also Gibson v. Florida Legislative Investigation Commission*, 372 U.S. 539 (1963); *Trepanier v. Ryan*, 2005 U.S. Dist. LEXIS 8640 at *23 (N.D.Ill. 2003). Over said objection, and without waiving same, except for the Millers, unknown.

3.     State with particularity every factual basis for your claim that

"[m]embers of IC who are day care home licensees and/or foster parents in Illinois would possess and carry loaded and functional handguns for self-defense, but refrain from doing so because they fear their day care home licenses and/or foster care licenses being denied and/or revoked by the State, and/or being prohibited from being day care home licensees and/or foster parents in the future, all due to the statutes, rules, and policies complained-of herein." Amended Complaint ¶ 22.

**ANSWER:** These are the Millers' allegations, and they are members of Illinois Carry.

4. Describe in detail what conduct is contemplated by the phrase "possess and carry loaded and functional handguns for self-defense" as used in Paragraph 22 of the Amended Complaint.

**ANSWER:** The phrase refers to the ability to have a handgun that is loaded and accessible, either on one's person or in a safe to which Plaintiffs have access, in the unhoped-for event that it is necessary to defend either themselves or their family. "Functional" refers to the handgun not being subject to a trigger lock or otherwise being in a broken-down state, or unloaded with ammunition in a separate location, such that if there is an immediate self-defense need, the Plaintiffs will have the maximum opportunity to access said handgun for that purpose.

5. State with particularity every factual basis for your assertion that "Illinois Carry is dedicated to the preservation of Second Amendment rights. Among

Illinois Carry's purposes are educating the public about Illinois laws governing the purchase and transportation of firearms, aiding the public in every way in its power, and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase, possess, and carry firearms." Amended Complaint ¶ 21.

**ANSWER:** Illinois Carry has long been involved in discussion, advocacy, and litigation regarding the Second Amendment right, including participation in the annual IGOLD (Illinois Gun Owner Lobby Day) march in Springfield.

From Illinois Carry's website (illinoiscarry.com):

# Welcome to IllinoisCarry.com

A website devoted to advancing your right to carry in Illinois.

IllinoisCarry is a not-for-profit organization dedicated to providing educational information about the lawful acquisition, possession, and carrying of firearms in Illinois as well as actively preserving, protecting, and advancing the Second Amendment Right to Carry for personal safety of self and others.

### IllinoisCarry Information & Discussion Forum

The IllinoisCarry forum was started in April 2004. Our purpose is to provide Illinois firearm owners with a central location to communicate ideas and information regarding 2nd Amendment issues in Illinois.

Our online discussion forum provides that central location! We share important information pertaining to the current Firearm Owner

Identification Act and the IL Firearm Concealed Carry Act. The forum also provides a central location for firearm instructors to post listings of the courses they offer. You will find our team of volunteers are on top of everything firearms related within the state of Illinois and the nation with up to the minute news and information you need to be a knowledgeable and responsible firearm owner.

"Second Amendment News 24 hours a day/7 days a week"

## Our Team

Our leadership team, in partnership with the Illinois State Rifle Association, the NRA, and the Second Amendment Foundation, is on the forefront of forming and implementing policy. We are also very proud to have helped prepare and participate in numerous lawsuits challenging unfair laws, rules, and regulations that deprive honest, law-abiding citizens of their Constitutional rights. IllinoisCarry vows to continue to challenge infringements on behalf of Illinois residents and those who travel in and through our state.

*Fighting for the Right to Carry in IL*
*Self Defense is a Basic Human Right*

### Links

How to Apply for Illinois CCL

Prohibited Carry Places

States that honor IL CCL

[Firearm Training Courses](#)

[Handgun Laws](#)

[Find Your Legislator](#)

[Second Amendment Judicial Cases](#)

Illinois Carry's forum is also a location where members who are interested in Second Amendment issues can discuss the right to possess and carry firearms, training, requirements and processes, gear, politics, activism, and litigation.

6. Describe the circumstances, including the date, under which Jennifer and Darin Miller became members of Illinois Carry.

ANSWER: The Millers joined Illinois Carry during discussions regarding the bringing of this litigation, when the Millers discovered that Illinois Carry supported their issue and the right to carry generally. The membership began on April 16, 2018.

7. Identify any public statement, comment, testimony, or the like that has been made by or on behalf of Illinois Carry regarding any legislative/regulatory proposal, public education campaign, coalition, advocacy effort, initiative, or other public activity related to storage of firearms, and describe the substance thereof.

ANSWER:

The following link is a discussion of this case, and Illinois Carry quotes the statute permitting firearms in home daycares:

http://illinoiscarry.com/forum/index.php?showtopic=68716

> IllinoisCarry is excited and proud to join the Second Amendment Foundation lawsuit challenging the state's ban prohibiting in home day care licensees from having handguns in the home - even under lock and key. The IL Dept. of Children and Family Services maintains this same ban for IL concealed carry licensees, even the Firearm Concealed Carry Act does not prohibit.

(430 ILCS 66/65)

> Sec. 65. Prohibited areas.
>
> Nothing in this paragraph shall prevent the operator of a child care facility in a family home from owning or possessing a firearm in the home or license under this Act, if no child under child care at the home is present in the home or the firearm in the home is stored in a locked container when a child under child care at the home is present in the home.

The following link references Plaintiff SAF's case against the East St. Louis Housing Authority: April 11, 2019 -

http://illinoiscarry.com/forum/index.php?showtopic=71758

The following link references Plaintiff SAF's *Winbigler* case against the Warren County Housing Authority: April 4, 2012 -

http://illinoiscarry.com/forum/index.php?showtopic=29594&hl=winbigler

The following link references prohibited carry locations and parking lot storage of concealed handguns:

http://illinoiscarry.com/forum/index.php?showtopic=46923&hl=storage

8. State whether the Millers received (or were sent) a copy of any documents responsive to Request for Production No. 7.

**ANSWER:** Only insofar as they would have read them on the Illinois Carry website.

9. Describe each non-privileged communication between anyone acting on behalf of Illinois Carry and plaintiffs Jennifer Miller or Darin Miller, including the date, the nature of the communication, the method of communication, the subject matter of communication,

**ANSWER:** *See* e-mail attached to this Plaintiff's Response to Requests for Production.

10. Identify the name, case number, jurisdiction, outcome, of every civil and criminal proceeding in the State of Illinois (in state or federal court) in which Illinois Carry has been or is a party, has intervened, or has submitted an amicus brief.

**ANSWER:**

- This litigation.

- *Michael Moore v. Madigan*, 3:11-CV-3134 (C.D.IL) – lawsuit challenging State's public-carrying ban through its UUW and AUUW statutes as unconstitutional.  Prevailed in Seventh Circuit as 12-1269.
- *Kevin W. Culp v. Madigan*, 3:14-CV-3320 (C.D.Ill.) – pending challenge to State of Illinois's ban on almost all non-residents from applying for concealed carry license.  Petition for Writ of Certiorari pending at U.S. Supreme Court.
- *Matthew Dean Thomann, Samuel Finnigan, Jr., Deanna M. Knoll, and Illinois Carry v. Illinois Department of State Police, a division of the State of Illinois, Hiram Grau, solely in his official capacity as Director of the Illinois Department of State Police, Concealed Carry Licensing Review Board, an independent state authority created by the Firearm Concealed Carry Act*, 14-MR-392 (Sangamon County) - A lawsuit challenging the procedures used by the IL Concealed Carry Review Board for evaluating concealed carry license applications, which failed to accord individual Plaintiffs and Illinois Carry Members a meaningful opportunity to be heard and therefore unlawfully violated the Due Process Clause of the Illinois Constitution.  Prevailed in Sangamon County Circuit Court on March 3, 2015.

s/ David G. Sigale redacted pursuant to Local Rule 5.11

Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R.Civ.P. 11 that all statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this _____ day of __January____, 2020.

                                                        Valinda Rowe

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R.Civ.P. 11 that all statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this 9th day of January, 2020.

s/ Valinda Rowe redacted pursuant to Local Rule 5.11

Valinda Rowe

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com