# EXHIBIT 11
# Illinois State Rifle Association's Answers to Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY,<br><br>     Plaintiffs,<br><br>v.<br><br>MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois,<br><br>     Defendants. | Case No. 3:18-CV-3085 |

**PLAINTIFFS' ILLINOIS STATE RIFLE ASSOCIATION'S ANSWERS TO DEFENDANTS MARC D. SMITH AND KWAME RAOUL'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ILLINOIS STATE RIFLE ASSOCIATION**

TO: Gretchen E. Helfrich, Esq.
   Assistant Attorney General
   Office of the Illinois Attorney General
   100 West Randolph Street, 11th Floor
   Chicago, IL 60601
   Gretchen.Helfrich@illinois.gov

Plaintiff, Illinois State Rifle Association, by and through LAW FIRM OF DAVID G. SIGALE, P.C., its attorney, and for its Answers to the Defendants' First Set of Interrogatories to Plaintiff Illinois State Rifle Association, states as follows:

The following Answers are based on Plaintiffs' current knowledge. Additional information may be in documents or witness statements or testimony that Plaintiffs have not yet reviewed or received. Plaintiffs reserve the right to supplement these Answers up to and through any hearing in this matter.

1.  Identify all individuals who responded to or assisted in preparing the responses to these Interrogatories.

**ANSWER:** Richard Pearson, Executive Director, Illinois State Rifle Association; 420 East Locust Street, Chatsworth, IL 60921.

2.  Identify all members of the Illinois State Rifle Association who are or were day care home licensees and/or foster parents in Illinois as you allege at Paragraph 20 of Your Amended Complaint, including, for each member, the name, last known contact information, when they joined the Illinois State Rifle Association, when they became a day care home licensee and/or foster parent, if they retain either such license, and if not, why not.

**ANSWER:** Objection, irrelevant and not calculated to lead to discoverable information. For standing purposes, all that is relevant or discoverable is that Darin and Jennifer Miller are members of Plaintiff ISRA and have standing to bring suit, that this suit is germane to ISRA's organizational purposes, and individual participation of ISRA's members is not necessary to the adjudication of the claims presented. The details or circumstances of said membership is harassing and improper under *NAACP v. Alabama*, 357 U.S. 449 (1958). *See also Gibson v. Florida Legislative Investigation Commission*, 372 U.S. 539 (1963); *Trepanier v. Ryan*, 2005 U.S. Dist. LEXIS 8640 at *23 (N.D.Ill. 2003).

3. State with particularity every factual basis for your claim that "[m]embers of ISRA who are day care home licensees and/or foster parents in Illinois would possess and carry loaded and functional handguns for self-defense, but refrain from doing so because they fear their day care home licenses and/or foster care licenses being denied and/or revoked by the State, and/or being prohibited from being day care home licensees and/or foster parents in the future, all due to the statutes, rules, and policies complained-of herein." Amended Complaint ¶ 20.

**ANSWER:** These are the Millers' allegations, and they are members of ISRA.

4. Describe in detail what conduct is contemplated by the phrase "possess and carry loaded and functional handguns for self-defense" as used in Paragraph 20 of the Amended Complaint.

**ANSWER:** The phrase refers to the ability to have a handgun that is loaded and accessible, either on one's person or in a safe to which Plaintiffs have access, in the unhoped-for event that it is necessary to defend either themselves or their family. "Functional" refers to the handgun not being subject to a trigger lock or otherwise being in a broken-down state, or unloaded with ammunition in a separate location, such that if there is an immediate self-defense need, the Plaintiffs will have the maximum opportunity to access said handgun for that purpose.

5. State with particularity every factual basis for your assertion that "[t]he purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation." Amended Complaint ¶ 19.

**ANSWER:** ISRA has long been involved in discussion, advocacy, and litigation regarding the Second Amendment right, including coordination and participation in the annual IGOLD (Illinois Gun Owner Lobby Day) march in Springfield.

From ISRA's website (isra.gov):

## Welcome to the ISRA

The purpose of the Illinois State Rifle Association (ISRA) is to:

- Support and protect the rights and freedoms of all citizens protected by the Bill of Rights under the United States Constitution.Preserve and protect hunter's right to possess and use firearms for sporting purposes, to educate the public to promote conservation and safe sport hunting as a wildlife management tool.
- Assist the Civilian Marksmanship Program and its Director with the Promotion of Rifle Practice Firearm Safety, and the State of Illinois and its Department of Natural Resources, by the promotion of marksmanship practice both as a sport and a fundamental aspect of national defense, and the education of citizens in all aspects of firearm safety and marksmanship training.
- Promote the highest degree of sportsmanship and good fellowship, and to prevent the occurrence or tolerance of unsportsmanship conduct.
- Promote and assist in the planning, construction, and preservation of civilian shooting ranges.
- Educate the citizens on all matters affecting the lawful use and possession of firearms, firearm safety, self-defense, competitive shooting and sport hunting.
- Support and promote the purposes, goals and objectives of the National Rifle Association of America and USA Shooting.

*See also* "How We Came To Be…" by Richard Pearson at https://www.isra.org/AboutUs/HowWeCametoBe.aspx.

*See also* ISRA's By-laws.

6. Describe the circumstances, including the date, under which Jennifer and Darin Miller became members of the Illinois State Rifle Association.

**ANSWER:**

The Millers both joined ISRA during discussions regarding the bringing of this litigation, due to the ISRA supporting their issue as well as the Second Amendment right generally.  The current membership began on April 16, 2018.


7. Identify any public statement, comment, testimony, or the like that has been made by or on behalf of the Illinois State Rifle Association regarding any legislative/regulatory proposal, public education campaign, coalition, advocacy effort, initiative, or other public activity related to storage of firearms, and describe the substance thereof.

**ANSWER:** There are numerous statements made by ISRA on all aspects of Second Amendment activity, including weekly bulletins at isra.org, and specifically on October 31, 2019.  There has also been testimony by ISRA representatives at legislative hearings, including, *e.g.*, those involving the Gun Dealer Licensing Act, opposing the storage requirements due to their impact on dealers.


8. State whether the Millers received (or were sent) a copy of any documents responsive to Request for Production No. 7.

**ANSWER:** The Thursday bulletins are e-mailed and posted on the ISRA website.

9. Describe each non-privileged communication between anyone acting on behalf of the Illinois State Rifle Association and plaintiffs Jennifer Miller or Darin Miller, including the date, the nature of the communication, the method of communication, the subject matter of communication,

ANSWER:   None.

10. Identify the name, case number, jurisdiction, outcome, of every civil and criminal proceeding in the State of Illinois (in state or federal court) in which the Illinois State Rifle Association has been or is a party, has intervened, or has submitted an amicus brief.

ANSWER:

ISRA has been involved in numerous instances of litigation since its inception, as a party or *amicus*. Cases where ISRA is/was a party (beside the instant suit) include:

• *Otis McDonald v. City of Chicago*, 08-1521 (U.S. Supreme Court), successfully incorporated Second Amendment to state and local governments via the Fourteenth Amendment, resulting in the Chicago handgun ban being struck down (District Court – 08-CV-3645; 7th Circuit – 08-4244);

• *Rhonda Ezell v. City of Chicago*, 10-CV-5135 (N.D.IL) – challenges to Chicago's firing range restrictions and regulations; prevailed twice in Seventh Circuit in striking down Chicago's firing range ban, and later, various restrictions, as violating Second Amendment (10-3525, 14-3312);

- *Mary Shepard v. Madigan*, 3:11-CV-405 (S.D.IL) – lawsuit challenging State's public-carrying ban through its UUW and AUUW statutes as unconstitutional. Prevailed in Seventh Circuit as consolidated with *Moore v. Madigan* in12-1269.

- *Kevin W. Culp v. Madigan*, 3:14-CV-3320 (C.D.Ill.) – pending challenge to State of Illinois's ban on almost all non-residents from applying for concealed carry license. Currently pending in Seventh Circuit as 17-2998.

- *N. Doe,* et al*, v. East St. Louis Housing Authority*, 3:18 CV 545 (S.D.Ill.) - challenge to home possession ban for resident of public housing complex. Judgment and permanent injunction for Plaintiffs in District Court.

- *Ari Friedman v. Village of Highland Park*, 14-3091 (7th Cir.) – challenge to assault weapon and large capacity magazine ban in Chicago-area municipality. District Court and Seventh Circuit ruled in favor of Defendants.

- *Daniel D. Easterday,* et al*, v. Village of Deerfield*, 18 CH 427 (Lake) - challenge to assault weapon and large capacity magazine ban in Chicago-area municipality. Currently pending in the Second District Appellate Court.

- *BFF Firearms,* et al*, v. Raoul*, 19 CH 253 (Sangamon) – challenge to portions of Illinois Sun Dealer Licensing Act. Currently pending in the Circuit Court of Sangamon County.

- *Kenneth V. Shults,* et al*, v. Walker*, 2:16 CV 2214 (C.D.Ill.) - challenge to Illinois DCFS firearm possession restrictions on foster parents. Dismissed due to lack of standing when Plaintiffs allowed foster parent license to expire.

- *Michael White*, et al, *v. Illinois State Police*, et al, 1:19 CV 2797 (N.D.Ill.) - challenge to Illinois Concealed Carry Licensing Board process for reviewing applications of objected-to applicants.

- *Illinois State Rifle Association v. Grau*, 14-CV-3064 (N.D.IL) – challenge to procedures for the review of applications by the Illinois Concealed Carry License Review Board.  Suit was voluntarily dismissed.

- *Illinois State Rifle Association v. Illinois State Police*, 11 CH 151 (Peoria County/10th Judicial Circuit) – challenge to Illinois Attorney General's stated policy to release personal information of FOID cardholders under the Freedom of Information Act.  Plaintiff obtained a permanent injunction.



Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R.Civ.P. 11 that all statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this \_\_\_\_ day of \_\_January\_\_, 2020.

                                                      Richard Pearson

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R.Civ.P. 11 that all statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this 10th day of January, 2020.

s/ Richard Pearson redacted pursuant to Local Rule 5.11

Richard Pearson

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com