E-FILED
Friday, 12 November, 2021  03:35:17 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 12
# Second Amendment Foundation's Answers to Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, <br><br>    Plaintiffs, <br><br>v. <br><br>MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:18-CV-3085 |

**PLAINTIFF SECOND AMENDMENT FOUNDATION, INC.'S ANSWERS TO DEFENDANTS MARC D. SMITH AND KWAME RAOUL'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SECOND AMENDMENT FOUNDATION, INC.**

TO:   Gretchen E. Helfrich, Esq.
       Assistant Attorney General
       Office of the Illinois Attorney General
       100 West Randolph Street, 11th Floor
       Chicago, IL 60601
       Gretchen.Helfrich@illinois.gov

Plaintiff, Second Amendment Foundation, Inc., by and through LAW FIRM OF DAVID G. SIGALE, P.C., its attorney, and for its Answers to the Defendants' First Set of Interrogatories to Plaintiff Second Amendment Foundation, Inc., states as follows:

The following Answers are based on Plaintiff's current knowledge. Additional information may be in documents or witness statements or testimony

that Plaintiff has not yet reviewed or received. Plaintiff reserves the right to supplement these Answers up to and through any hearing in this matter.

    1.    Identify all individuals who responded to or assisted in preparing the responses to these Interrogatories.

**ANSWER:** Julianne H. Versnel, Director of Operations, Second Amendment Foundation; 12500 NE 10th Place, Bellevue, WA 98005.

    2.    Identify all members of SAF who are or were day care home licensees and/or foster parents in Illinois as you allege at Paragraph 18 of your Amended Complaint, including, for each member, the name, last known contact information, when they joined SAF, when they became a day care home licensee and/or foster parent, if they retain either such license, and if not, why not.

**ANSWER:** Objection, irrelevant and not calculated to lead to discoverable information. For standing purposes, all that is relevant or discoverable is that Darin and Jennifer Miller are members of Plaintiff SAF and have standing to bring suit, that this suit is germane to SAF's organizational purposes, and individual participation of SAF's members is not necessary to the adjudication of the claims presented. The details or circumstances of said membership is harassing and improper under *NAACP v. Alabama*, 357 U.S. 449 (1958). *See also Gibson v. Florida Legislative Investigation Commission*, 372 U.S. 539 (1963); *Trepanier v. Ryan*, 2005 U.S. Dist. LEXIS 8640 at *23 (N.D.Ill. 2003). Over said objection, and without waiving same, except for the Millers and Shultses (Kenneth and Colleen), unknown.

3. State with particularity every factual basis for your claim that "[m]embers of SAF who are day care home licensees and/or foster parents in Illinois would possess and carry loaded and functional handguns for self-defense, but refrain from doing so because they fear their day care home licenses and/or foster care licenses being denied and/or revoked by the State, and/or being prohibited from being day care home licensees and/or foster parents in the future, all due to the statutes, rules, and policies complained-of herein." Amended Complaint ¶ 18.

**ANSWER:** These are the Millers' allegations, and they are members of SAF.

4. Describe in detail what conduct is contemplated by the phrase "possess and carry loaded and functional handguns for self-defense" as used in Paragraph 18 of the Amended Complaint.

**ANSWER:** The phrase refers to the ability to have a handgun that is loaded and accessible, either on one's person or in a safe to which Plaintiffs have access, in the unhoped-for event that it is necessary to defend either themselves or their family. "Functional" refers to the handgun not being subject to a trigger lock or otherwise being in a broken-down state, or unloaded with ammunition in a separate location, such that if there is an immediate self-defense need, the Plaintiffs will have the maximum opportunity to access said handgun for that purpose.

5. State with particularity every factual basis for your assertion that

""[t]he purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms." Amended Complaint ¶ 17.

**ANSWER:**   SAF has long been involved in discussion, advocacy, and litigation regarding the Second Amendment right since its founding in 1974, including hosting the annual Gun Rights Policy Conference since 1986.

From SAF's website (saf.org):

# Mission Statement

The Second Amendment Foundation (SAF) is dedicated to promoting a better understanding about our Constitutional heritage to privately own and possess firearms.

To that end, we carry on many educational and legal action programs designed to better inform the public about the gun control debate.

---

The Second Amendment Foundation, founded in 1974, is a tax-exempt Washington-state non-profit corporation organized under §501(c)(3) of the IRS code. It has been a pioneer in innovative defense of the right to keep and bear arms, through its publications, public education programs and legal action.

---

Also,

The Center for the Study of Firearms and Public Policy was established in 1988 by the Second Amendment Foundation. Its primary purpose was to publish The Journal on Firearms and Public Policy. The goal of this project was to expand the audience who had access to legal, economic, historical and other scholarly research about the Second Amendment.

Dr. Edward F. Leddy, who was one of the prime movers behind the Journal served as editor for the first four issues. In 1993, Julianne Versnel assumed the role of editor for one year

before becoming its Publisher. David B. Kopel, J.D. became its editor in 1994. In 2011, Dr. Gary Mauser became the editor.

It has been the Second Amendment Foundation's privilege to distribute over 100,000 print copies of the Journal on Firearms and Public Policy as well as offer significant access to them electronically over the years.

The Foundation publishes TheGunMag.Com which is recognized as the source publication for the firearms community and gun industry. The Foundation also published the world's only women's firearms magazine, the quarterly Women & Guns, as well as the monthly newsletter, The Gottlieb-Tartaro Report, and the quarterly member/supporter newsletter SAF Reporter. In addition, The Foundation publishes the premier annual reference book of key gun-issue articles, the Journal on Firearms and Public Policy.

The Foundation regularly distributes position papers, research reports and commentaries to the general media, and SAF staff participates annually in almost 1000 radio and television appearances and newspaper and magazine interviews on behalf of the Second Amendment's right to keep and bear arms. Mr. Gottlieb alone appears on over 500 radio and television shows each year, including national network programs, and his opinion articles have appeared frequently in USA Today, Atlanta Journal Constitution, Fort Worth Star Telegram and many other publications. The Foundation also makes investments in media properties as an extension of a resolution adopted at the 1989 Gun Rights Policy Conference.

6.  Describe the circumstances, including the date, under which Jennifer and Darin Miller became members of SAF.

<u>ANSWER</u>:   The Millers joined SAF during discussions regarding the bringing of this litigation, when the Millers discovered that SAF supported their issue and the Second Amendment right generally.  The membership began on or about April 16, 2018.

7. Identify any public statement, comment, testimony, or the like that has been made by or on behalf of SAF regarding any legislative/regulatory proposal, public education campaign, coalition, advocacy effort, initiative, or other public activity related to storage of firearms, and describe the substance thereof.

<u>ANSWER:</u>

*See*:

https://www.saf.org/judge-says-edmonds-wa-safe-storage-rule-violates-preemption-law-in-saf-nra-suit/,

https://www.saf.org/saf-nra-sue-seattle-over-storage-ordinance-that-violates-state-law/,

https://www.saf.org/snohomish-county-judge-says-lawsuit-v-edmonds-gun-law-ripe-for-determination/,

https://www.saf.org/saf-founder-testifies-in-support-of-shb-2793-predicts-ten-fold-benefits/.

8. State whether the Millers received (or were sent) a copy of any documents responsive to Request for Production No. 7.

ANSWER:   Unknown, but only insofar as they would have seen the pamphlet through the SAF website.

9.   Describe each non-privileged communication between anyone acting on behalf of SAF and plaintiffs Jennifer Miller or Darin Miller, including the date, the nature of the communication, the method of communication, the subject matter of communication.

ANSWER:   None.

10.   Identify the name, case number, jurisdiction, outcome, of every civil and criminal proceeding in the State of Illinois (in state or federal court) in which SAF has been or is a party, has intervened, or has submitted an *amicus* brief.

ANSWER:

SAF has been involved in numerous instances of litigation since its inception in 1974, as a party or *amicus*, including in Illinois. Examples of the same (beside the instant suit) include:

•   *Otis McDonald v. City of Chicago*, 08-1521 (U.S. Supreme Court), successfully incorporated Second Amendment to state and local governments via the Fourteenth Amendment, resulting in the Chicago handgun ban being struck down (District Court – 08-CV-3645; 7th Circuit – 08-4244);

•   *Rhonda Ezell v. City of Chicago*, 10-CV-5135 (N.D.IL) – challenges to Chicago's firing range restrictions and regulations; prevailed twice in Seventh

Circuit in striking down Chicago's firing range ban, and later, various restrictions, as violating Second Amendment (10-3525, 14-3312);

• *Michael Moore v. Madigan*, 3:11-CV-3134 (C.D.IL) – lawsuit challenging State's public-carrying ban through its UUW and AUUW statutes as unconstitutional. Prevailed in Seventh Circuit as 12-1269.

• *Kevin W. Culp v. Madigan*, 3:14-CV-3320 (C.D.Ill.) – pending challenge to State of Illinois's ban on almost all non-residents from applying for concealed carry license. Petition for Writ of Certiorari pending at U.S. Supreme Court.

• *Ronald Winbigler v. Warren County Housing Authority*, 4:12-CV-4032 (C.D.Ill.) - successful challenge to Defendant's ban on public housing residents possessing handguns in their homes.

• *N. Doe, et al, v. East St. Louis Housing Authority*, 3:18 CV 545 (S.D.Ill.) - challenge to home possession ban for resident of public housing complex. Judgment and permanent injunction for Plaintiffs in District Court.

• *Daniel D. Easterday, et al, v. Village of Deerfield*, 18 CH 427 (Lake) - challenge to assault weapon and large capacity magazine ban in Chicago-area municipality. Currently pending in the Second District Appellate Court.

• *Kenneth V. Shults, et al, v. Walker*, 2:16 CV 2214 (C.D.Ill.) - challenge to Illinois DCFS firearm possession restrictions on foster parents. Dismissed due to lack of standing when Plaintiffs allowed foster parent license to expire.

s/ David G. Sigale redacted pursuant to Local Rule 5.11

Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R.Civ.P. 11 that all statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this __13th__ day of __January__, 2020.



Julianne H. Versnel

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com