E-FILED
Friday, 12 November, 2021  03:35:18 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 17
# Stipulation Regarding Defendants' Expert Dr. Deborah Azrael

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

JENNIFER J. MILLER, DARIN E. MILLER )
SECOND AMENDMENT FOUNDATION, INC. )
ILLINOIS STATE RIFLE ASSOCIATION, and )
ILLINOIS CARRY, )
                                                                    )       Case No. 18 cv 3085
            Plaintiffs, )
                                                                    )       Hon. Sue E. Myerscough
MARC D. SMITH, in his official capacity as )              Presiding Judge
Acting Director of the Illinois Department of Children and )
Family Services, and KWAME RAOUL, in his )              Hon. Tom Schanzle-Haskins
official capacity as Attorney General of the State of )         Magistrate Judge
Illinois, )
                                                                    )
            Defendants. )

**STIPULATION REGARDING DEFENDANTS' EXPERT DR. DEBORAH AZRAEL**

Plaintiffs JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT

FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY

(collectively "Plaintiffs"), and Defendants MARC D. SMITH, in his official capacity as Acting

Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in

his official capacity as Attorney General of the State of Illinois (collectively "Defendants," and

together with Plaintiffs, "the Parties"), by their undersigned counsel, have come to an agreement

regarding Defendants' expert witness Dr. Deborah Azrael. In the interest of efficiency and

preservation of resources, the Parties stipulate as follows:

1.      Defendants have disclosed to Plaintiffs the joint expert report of Dr. Matthew Miller

and Dr. Deborah Azrael (hereafter, "the Report") pursuant to Federal Rule of Civil Procedure

26(a)(2). Drs. Miller and Azrael worked together to author the Report, reviewed the same facts,

documents, and/or materials in coming to their opinions, and share each and every one of the

opinions in the Report.

1

2.  Plaintiffs deposed Dr. Miller on March 24, 2021. At his deposition, Dr. Miller testified that he and Dr. Azrael worked together on the Report, that each and every opinion contained therein was both his and Dr. Azrael's, and that no one section of the Report was solely attributable to either him or Dr. Azrael.  Plaintiffs had the opportunity to cross-examine Dr. Miller on the Report, including but not limited to the facts Drs. Miller and Azrael relied upon, their methods, and the accuracy of their conclusions.

3.  Defendants will call Dr. Miller as a trial witness.

4.  The Parties agree that Dr. Azrael's testimony would not differ in any material way from Dr. Miller's testimony. In the interest of avoiding duplicative testimony before the court and conserving resources, the Parties agree that neither Plaintiffs nor Defendants will call Dr. Azrael as a witness at trial. As a result, the Parties agree that neither Plaintiffs nor Defendants will seek to depose Dr. Azrael unless the conditions of Paragraph 6, 7, or 8, below, are met.

5.  Plaintiffs waive any and all objections related to the facts that (a) the Report was authored by two individuals and (b) that only one of the Report's authors has been presented to Plaintiffs for cross-examination. Except as set forth in this stipulation, Plaintiffs waive any right to obtain testimony either through discovery or at trial of Dr. Azrael.

6.  If, during his trial testimony, Dr. Miller testifies that Dr. Azrael is the only individual with information on certain topics (excluding information regarding Dr. Azrael's personal background, qualifications, or other information contained in Dr. Azrael's curriculum vitae), and that only Dr. Azrael can provide testimony on those topics, then Defendants will afford Plaintiffs the opportunity to depose Dr. Azrael on those topics only. This provision shall not apply where Dr. Miller testifies that both he and Dr. Azrael have knowledge on the topic(s) in question.

7.      In the event that Dr. Miller becomes unavailable to testify at trial and Defendants decide to call Dr. Azrael as a trial witness, Defendants will promptly notify Plaintiffs and afford Plaintiffs an opportunity to depose Dr. Azrael prior to trial.

8.      In the event that the Court requests testimony from Dr. Azrael or requires Dr. Azrael to testify for the Report to be admitted into evidence, then Defendants will afford Plaintiffs an opportunity to depose Dr. Azrael and Defendants will not be barred by this agreement from calling Dr. Azrael as a trial witness.

Executed and agreed to this 31st day of March 2021 by:

/s/ *David G. Sigale*
Signature

David G. Sigale
Law Firm of David G. Sigale, P.C.
430 W. Roosevelt Rd.
Wheaton, IL 60187
(630) 452-4547
E-mail: dsigale@sigalelaw.com

*Counsel for Plaintiffs*

/s/ *Matthew V. Chimienti*
Signature

Matthew V. Chimienti
Gretchen E. Helfrich
Aaron P. Wenzloff
Assistant Attorneys General
100 W. Randolph St., 11th Floor
Chicago, IL 60601
(312) 814-8570
E-mail: mchimienti@atg.state.il.us
E-mail: ghelfrich@atg.state.il.us
E-mail: awenzloff@atg.state.il.us

*Counsel for Defendants*