IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, <br><br> Plaintiffs, <br><br> v. <br><br> MARC D. SMITH, in his official capacity as Acting Director of the Illinois Department of Children and Family Services, and KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, <br><br> Defendants. | Case No. 3:18-CV-3085 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' F.R. CIV. P. 54 BILL OF COSTS**

NOW COME the Plaintiffs, JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, by and through undersigned counsel, and, in opposition to Defendants' F.R. Civ. P. 54 Bill of Costs, states as follows:

**INTRODUCTION**

Though Plaintiffs did not prevail in their claim (though a Notice of Appeal was timely filed and the matter is now pending in the Seventh Circuit Court of Appeals), Plaintiffs assert that Defendants are seeking reimbursement for costs that are not allowed under statute, and in other instances are seeking amounts beyond what is allowed. Therefore, in the event costs are taxed against Plaintiffs, the amounts must be reduced to proper limits.

## OBJECTIONS TO CERTAIN ITEMIZED COSTS

1.   It appears that Defendants are overcharging for transcripts, to the extent the Court allows reimbursement at all. Per the Central District of Illinois General Order 18-02 (*In the Matter of: Adoption of Transcript Fee Rate*), the maximum allowed per page of a transcript is $3.65/page.  However, Defendant's Exhibits to its Bill of Costs show it is attempting to charge:

- $448.84 for 121 pages of the Kwame Raoul deposition ($3.65 x 121 pages = $441.65) **($7.19 overage total)**.

- $595.00 for 90 pages of the Coltin Miller deposition ($3.65 x 90 pages = $328.50) **($266.50 overage total)**.

- $1,109.10 for 263 pages of the Saul Cornell deposition ($3.65 x 263 pages = $959.95) **($149.15 overage total)**.

- $724.70 for 125 pages of the Meaghan Jorgensen deposition ($3.65 x 125 pages = $456.25 **($268.45 overage total)**.

- $851.70 for 215 pages of the Dr. Matthew Miller deposition ($3.65 x 215 pages = $784.75) **($66.95 overage total)**.

- $1,879.05 for 197 pages of the Marty Hayes deposition ($3.65 x 197 pages = $719.05) **($1, 160.00 overage total)**.

- $345.95 for 63 pages of the Cyra Miller deposition ($3.65 x 63 pages = $229.95) **($116.00 overage total)**.

- $1,698.70 for 302 pages of the Darin Miller deposition ($3.65 x 302 pages = $1,102.30) **($596.40 overage total)**.

- $1,461.35 for 277 pages of the Jennifer Miller deposition ($3.65 x 277 pages = $1,011.05) **($450.30 overage total)**.

- $1,219.60 for 246 pages of the Richard Pearson deposition ($3.65 x 246 pages = $897.90) **($321.70 overage total)**.

- $1,267.65 for 250 pages of the Illinois Carry 30(b)(6) [Valinda Rowe] deposition ($3.65 x 250 pages = $912.50) **($355.15 overage total)**.

- $2,108.30 for 244 pages of the Julianne Versnel deposition ($3.65 x 244 pages = $890.60) **($1,217.70 overage total)**.

The total overage for deposition transcripts is **$4,975.49.**

2. Further, none of the depositions - except perhaps for Jennifer and Darin Miller - were mentioned in the Court's Opinion at all [Dkt. #65], and therefore Plaintiffs object to taxing the cost of any of those transcripts to them. *See, e.g., Merrick v. Northern Natural Gas Company*, 911 F.2d 426, 434-435 (10th Cir. 1990) (not an abuse of discretion to deny taxing of costs for deposition transcripts not used by court in considering summary judgment motion).

3. Additionally, some of the depositions had no relevance whatsoever to the legal question at issue, such as those of the Plaintiffs' three children ($1,211.05 total claimed costs), two of whom (Colton and Collin - $865.10 claimed total for their depositions) do not even live at home. Thus, their depositions can in no way be deemed necessary to the case. *See Hamilton v. Sheridan Healthcare, Inc.*, 2015 U.S. Dist. LEXIS 191801, *7 (S.D. Fla. 2015). While Plaintiffs maintain that virtually none of the depositions were actually relevant, these three were egregious.

4. Therefore, should the Court tax costs for deposition transcripts, the taxable amount should be only $2,113.35.

5. Plaintiffs also object to the $22,375.00 expert witness fees of Matthew Miller and Saul Cornell, since such costs are not allowable under 28 U.S.C. 1920. "Unless the expert is court appointed, *see* 28 U.S.C. § 1920(6), the only fees that are recoverable as witness fees under § 1920(3) are those allowed by statute for a witness' attendance at court or a deposition. *See* 28 U.S.C. § 1821. This amounts to $ 40 per day, plus subsistence." *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. 2007); *see also Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988). To that point, the witnesses did not actually have to *go* anywhere for their depositions, except to their home computers to log in remotely, and Defendants have not identified that any of the amounts paid to Drs. Miller or Cornell were for subsistence.

6. Defendants cite to F.R. Civ. P. 26(b)(4)(E) as authority for the request, but that rule does not relate to taxable costs. Plaintiffs' counsel specifically recalls an agreement with Defendants' counsel to each pay their own expert costs, which is why Plaintiffs paid their expert Marty Hayes's time and expense relating to preparation of his report and for his deposition, as well as the deposition time. This was as opposed to billing that expense to Defendants under F.R. Civ. P. 26(b)(4)(E), which Plaintiffs could have done, since Rule 26(b)(4)(E) is not linked to prevailing parties and taxable costs. During the litigation, no one sent invoices to each other regarding this topic, and Plaintiffs believe it was specifically because of said

4

agreement to each pay their own expert witness fees and expenses. However, per statute, even if Plaintiffs' counsel misremembers this point, the claimed costs are still not taxable.

7.     Therefore, it would be inequitable, besides not being permitted under the Rules, to tax Plaintiffs with such costs. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (expert witness fees "clearly nonrecoverable" under 28 U.S.C. § 1920). "[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987).

8.     Plaintiffs also request that if any of these amounts are allowed despite being specifically excluded per statute and case law, and despite the prior discussions on the subject between counsel, Plaintiffs be allowed to credit amounts paid directly to Marty Hayes under F.R. Civ. P. 26(b)(4)(E).

9.     Therefore, to the extent costs are allowed to the Defendants at all, their claimed amount should be reduced by the amount of $34,249.44, plus any additional amounts the Court sees fit to disallow, broken down as follows:

- Disallowance for Deposition Transcripts - $11,874.44
- Disallowance for Expert Witness Fees -     $22,375.00

## CONCLUSION

WHEREFORE, the Plaintiffs, JENNIFER J. MILLER, DARIN E. MILLER, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS STATE RIFLE ASSOCIATION, and ILLINOIS CARRY, requests this Honorable Court deny or appropriately reduce Defendants' request for costs under F.R. Civ. P. 54, and grant Plaintiffs any and all further relief as this Court deems appropriate.

Respectfully submitted,

/s/ David G. Sigale
One of the Attorneys for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

    1.    On September 9, 2022, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R. Civ. P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

    /s/ David G. Sigale
    One of the Attorneys for Plaintiff