## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER J. MILLER, *et al*., | ) | |
| | ) | Case No. 18 cv 3085 |
| Plaintiffs, | ) | |
| | ) | Hon. Sue E. Myerscough |
| v. | ) | Presiding Judge |
| | ) | |
| MARC D. SMITH, *et al*., | ) | Hon. Karen L. McNaught |
| | ) | Magistrate Judge |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO BILL OF COSTS

On March 15, 2022, the Court granted the State's Motion for Summary Judgment, upholding the constitutionality of Illinois rules requiring the safe storage of firearms in licensed daycare homes and foster homes. After obtaining judgment, the State timely filed a Bill of Costs, seeking $37,022.99 to reimburse the State for deposition transcripts and related expenses, printing costs, and fees under Federal Rule of Civil Procedure 26(b)(4)(E) for expert witnesses that Plaintiffs deposed. ECF No. 70. Plaintiffs objected. ECF No. 73.

The State now respectfully responds to Plaintiffs' Objection. Plaintiffs argue that the State seeks costs that are not permitted by statute or rule. In so doing, they misstate the facts about the rates and types of expenses for which the State seeks reimbursement. Plaintiffs are also wrong about the law regarding which costs are permitted. Consequently, Plaintiffs' Objection should be denied, and the State's Bill of Costs awarded in full.

## FACTS AND PROCEEDINGS

Plaintiffs filed the operative complaint in this action on May 29, 2019 against Marc D. Smith, Director of the Illinois Department of Children and Family Services and Kwame Raoul, Attorney General for the State of Illinois (collectively, "the State" or "Defendants"). ECF No. 19.

1

Plaintiffs alleged that an Illinois statute and related agency rules violated their rights under the Second Amendment—both facially and as-applied to the individual Plaintiffs, Jennifer and Darin Miller. *Id.*

During the litigation, the parties engaged in significant discovery. Defendants noticed and took depositions of nine individuals, including representatives of the three organizational Plaintiffs under Federal Rule of Civil Procedure 30(b)(6), an expert witness disclosed by Plaintiffs, and five individual fact witnesses—Plaintiffs Jennifer and Darin Miller and their three grown children (Coltin, Collin, and Cyra Miller) who either lived or worked in the Millers' in-home daycare and foster home. Plaintiffs noticed and took four depositions, including 30(b)(6) depositions of representatives of DCFS and the Illinois Attorney General's Office, as well as depositions of two experts the State had disclosed.

Discovery concluded on April 15, 2021. After settlement discussions failed during the summer of 2021, the State filed its Motion for Summary Judgment on November 12, 2021, which included exhibits of transcripts of seven depositions taken by the parties. ECF Nos. 55–56. The State prevailed on its Motion for Summary Judgment in March 2022. ECF Nos. 65–66. The State timely filed a Bill of Costs on March 31, 2022 seeking recovery of $37,022.99 in costs.

## LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure provides that the trial court should award costs—other than attorney's fees—to the prevailing party in a case. Fed. R. Civ. P. 54(d). "Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party." *Schau v. Bd. of Educ. of Peoria Pub. Sch. Dist. No. 150*, No. 11-1262, 2014 WL 12733655 at *1 (C.D. Ill. Sept. 15, 2014) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)). "The presumption is difficult to overcome, and the district court's discretion is

narrowly confined—the court must award costs unless it states good reasons for denying them."

*Id.; see also Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998) (courts

must "provide at least a modicum of explanation when entering an award of costs"). "[T]he losing

party bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon*

*v. Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). "Taxing costs against a losing party requires

two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether

the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824

(7th Cir. 2000). "Under Rule 54(d), district courts enjoy wide discretion in determining and

awarding reasonable costs." *Radson v. Bradley Univ.*, No. 18-1374, 2021 WL 6198072 at *3 (C.D.

Ill. Mar. 30, 2021) (citations and quotation marks omitted).

**ARGUMENT**

**I.   The costs Defendants seek for deposition transcripts are reasonable.**

Plaintiffs first argue that the costs for deposition transcripts should be reduced because the

amount sought for each transcript exceeds "the maximum allowed" of $3.65 per page. *See* ECF

No. 73 at ¶ 1. Plaintiffs cite General Order 18-02, which adopts the rates of the Judicial Conference

of the United States Courts as the "appropriate fee" for transcripts "by court reporters in [the

Central] District [of Illinois]. Gen. Order 18-02 (*In the Matter of: Adoption of Transcript Fee Rate*)

(C.D. Ill. April 3, 2018). Plaintiffs are wrong in asserting that the State seeks more costs than are

permitted by law.

*First*, the per-page rate charged for deposition transcripts for most of the State's depositions

*is* $3.65 per page (or less), as evidenced by the invoices attached to the Bill of Costs. *See* ECF

No. 70-1, Ex. 1 at p. 3 (Kwame Raoul), p. 4 (Coltin and Collin Miller),[1] p. 10 (Cyra Miller), p. 11

---

[1] The invoice on page four of Exhibit 1 to the Bill of Costs includes two line items for deposition transcripts: one for Coltin Miller and another for Collin Miller.

(Darin Miller), p. 12 (Jennifer Miller), p. 13 (Richard Pearson), and p. 14 (Illinois Carry 30(b)(6) [Valinda Rowe]). The court reporters who charged more than $3.65 per page for transcripts were either court reporters chosen by the Plaintiffs, *see id.* at p. 6 (Saul Cornell), p. 7 (Meaghan Jorgensen), and p. 8 (Dr. Matthew Miller), or were court reporters chosen because they were authorized to take depositions of out-of-state witnesses, *see id.* at p. 9 (Marty Hayes, Washington State) and p. 15 (Julianne Versnel, Belleview, Washington).

Courts approve rates higher than the Judicial Conference rate where, as here, the losing party selected a more expensive reporter. *See Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) ("whoever picked the reporter can't later object to that reporter's rates"); *see also Haroco, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994); *Bd. of Trustees of Univ. of Illinois v. Micron Tech., Inc.*, No. 2:11-CV-2288, 2018 WL 11422073 at *5 (C.D. Ill. Mar. 5, 2018). Similarly, courts approve rates higher than the Judicial Conference rate where the deponent is in a location where reporters charge a higher rate. *See Endotach LLC v. Cook Med. LLC*, No. 113-CV-01135, 2016 WL 912681 at *3 (S.D. Ind. Mar. 10, 2016).

Here, the per-page rates the State seeks for deposition transcripts are reasonable, because they are consistent with the Judicial Conference rate, or they are the rates charged by court reporters chosen by the Plaintiffs, or because they are rates charged by court reporters authorized to take depositions of out-of-state witnesses.

*Second*, Plaintiffs fail to account for other permissible costs of depositions that the State is seeking, such as court reporter appearance fees or reporter hourly attendance fees. Reporter attendance fees are recoverable as part of the cost of securing transcripts of depositions. *Fitchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir.1995); *see also Cengr*, 135 F.3d at 457 (7th Cir. 1998); *Park v. Hudson*, No. 15-CV-2136, 2018 WL 8803898 at *6 (C.D. Ill. Oct. 29, 2018);

*Muhammad v. Caterpillar, Inc.*, No. 09-2172, 2012 WL 1893655 at *1 (C.D. Ill. May 23, 2012). Here the State seeks reimbursement of costs that include such reporter appearance fees. *See* ECF No. 70-1, Ex. 1, pp. 2–15. By leaving these fees out of their own calculation, Plaintiffs imply the fees are unreasonable—but they fail to explain why. Instead, Plaintiffs merely purport to calculate an "overage" for each transcript by determining how much the total cost exceeds the cost of the number of pages at the Judicial Conference rate, ignoring all other recoverable fees. ECF 73 at ¶ 1. But because such fees are lawfully recoverable as "a necessary and unavoidable part of the deposition process," the full deposition transcript fees submitted by the State in its Bill of Costs— including reporter appearance fees—should be allowed. *See Hudson*, 2018 WL 8803898 at *6.

## II.  The costs Defendants seek for deposition transcripts are recoverable.

Next, Plaintiffs argue that the costs for deposition transcripts should be reduced because "none of the depositions … were mentioned in the Court's opinion" and because "some of the depositions had no relevance" to the legal issues in the case. ECF No. 73 at ¶¶ 2–3. That depositions were not "mentioned" in the Court's decision is not a factor in awarding costs under Rule 54(d). Rather, the law is that costs for deposition transcripts are recoverable when they were reasonably necessary at the time the depositions were taken.

"The proper inquiry is whether [a] deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr*, 135 F.3d at 455 (quotation marks omitted); *see also Youngman v. Kouri*, No. 16-CV-1005, 2018 WL 3769845 at *2 (C.D. Ill. Aug. 9, 2018). Furthermore, "[t]he introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." 135 F.3d at 455. "The ultimate use or worth of the depositions does not render them unnecessary or unreasonable." *Park*, 2018 WL 8803898, at *7. "[T]ranscripts need not be

absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Abellan v. HRDS Le Roy IL, LLC*, No. 16-1037, 2018 WL 6247260 at *14 (C.D. Ill. Nov. 29, 2018). The law requires "no more than that the transcripts or copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014).

Here, the State relied on and cited to seven of the parties' thirteen depositions in its Motion for Summary Judgment. ECF Nos. 55–56. The State also relied heavily on the deposition of Marty Hayes in briefing related to its Motion to Exclude the Testimony of Plaintiffs' Expert, ECF Nos. 43, 50. Additionally, the State ordered transcripts of depositions of the individual Plaintiffs' grown children. Although the parties did not cite to those transcripts in later briefing, the Miller children were listed as people with discoverable information in the parties' Rule 26 Initial Disclosures. Costs of deposition transcripts of people listed with discoverable information in Rule 26 disclosures are *per se* reasonable. *See Park*, 2018 WL 8803898, at *7. The State sought discoverable information the Miller children possessed about the Plaintiffs' standing and to probe facts alleged in Plaintiffs' complaint. The Seventh Circuit has held that ordering transcripts of depositions of individuals who are witnesses to facts alleged in a plaintiff's complaint is "entirely reasonable." *Cengr*, 135 F.3d at 455. Finally, the State also ordered transcripts of the Plaintiffs' depositions of its two experts—Saul Cornell and Matthew Miller—because their reports were central to the State's argument at summary judgment. *See* ECF No. 56 at 18–21, 23, 25, 36, 49, 50–52. The Plaintiffs themselves relied on the transcripts of those experts' depositions in their response to the State's Motion for Summary Judgment. ECF No. 63, at 24.

In short, the costs for deposition transcripts requested by the State and itemized in its Bill of Costs are recoverable under Rule 54(d) even though the Court did not specifically reference them in its decision. The costs for these transcripts should thus be awarded to the State in full.

### III. Expert witness costs authorized by Rule 26(b)(4)(E) may be recovered through a bill of costs.

Finally, Plaintiffs also argue that costs related to expert witnesses Matthew Miller and Saul Cornell are not recoverable by the State because 28 U.S.C. § 1920 does not authorize such costs and because 28 U.S.C. § 1821 limits witness fees for attendance at trial or deposition to forty dollars per day. ECF No. 73 at ¶¶ 5–7. Plaintiffs are wrong.

Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides that a district court "must require that the party seeking discovery … pay the expert a reasonable fee for time spent in responding to discovery" unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E); *see also* Advisory Committee Notes, 1993 Amendment ("Concerns regarding the expense of [expert witness depositions] should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition."). Moreover, the Seventh Circuit has explicitly held that Rule 26(b)(4)(E) supersedes the forty dollar per day schedule outlined in § 1821. *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012). On top of that, the Seventh Circuit also "held that a party need not seek fees under Rule 26 until the party files the bill of costs." *Abernathy v. E. Illinois R.R. Co.*, No. 15-CV-3223, 2018 WL 2278257 at *2 (C.D. Ill. May 18, 2018); *see also Halasa*, 690 F.3d at 852 ("the fact that [the defendant] did not seek these fees until it filed its bill of costs is of no moment; its request was timely").

Here, it is undisputed that the Plaintiffs were the party seeking discovery when they noticed and took depositions of Professor Saul Cornell and Dr. Matthew Miller. *See* ECF No. 70-1, Ex. 1 at pp. 6, 8. Moreover, Plaintiffs provide no evidence of any "agreement" with the State's counsel

about who was responsible for paying for experts' fees, *see* ECF No. 73 at ¶¶ 6–7, because no such agreement exists. Nor did Plaintiffs provide any evidence to dispute the reasonableness of the fees outlined in the State's Bill of Costs. Consequently, Rule 26(b)(4)(E) requires the Plaintiffs to pay a reasonable fee for the time the experts spent preparing for and giving deposition testimony. Thus, the Court should award the State the full amount of the expert fees outlined in its Bill of Costs.

## CONCLUSION

Defendants prevailed in this action and seek costs of $37,022.99 for amounts the State paid for deposition transcripts and related expenses, printing costs, and expert witness fees under Rule 26(b)(4)(E). The Plaintiffs' Objection is wrong about the facts and the law and fails to provide any evidence countering the reasonableness of the costs sought.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Objection and tax the Defendants' Bill of Costs against Plaintiffs in full.

Dated: September 23, 2022                    Respectfully submitted,

                                             KWAME RAOUL
                                             Illinois Attorney General

                                     By:     /s/ Aaron P. Wenzloff
                                             Aaron P. Wenzloff, #6329093
                                             Gretchen E. Helfrich, #6300004
                                             Senior Assistant Attorneys General
                                             100 W. Randolph St., 11th Floor
                                             Chicago, Illinois 60601
                                             (312) 814-3000
                                             aaron.wenzloff@ilag.gov
                                             *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I, Aaron P. Wenzloff, an attorney, certify that on September 23, 2022, I caused the foregoing

**<u>Defendants' Unopposed Motion for Leave to File A Response to Plaintiffs' Objection to Bill</u>**

**<u>of Costs</u>** to be electronically filed via the Court's CM/ECF system and thereby served on all

counsel of record.

/s/ Aaron P. Wenzloff
Senior Assistant Attorney General