E-FILED
Tuesday, 26 November, 2024  10:42:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER J. MILLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 18-3085-SEM-KLM |
| | ) | |
| HEIDI E. MUELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>SCHEDULING ORDER</u>

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (FRCP), a scheduling conference was held on <u>November 26, 2024</u>, with <u>David Sigale, attorney for plaintiff, and Gretchen Helfrich, attorney for defendant</u>.

TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1.     Initial disclosures under Rule 26 to be made by <u>December 15, 2024  </u>.

2.     No motions to join other parties or to amend the pleadings to be filed after <u>January 15, 2025</u>.

3.     The parties shall identify testifying experts and provide Rule 26 expert reports by <u>April 15, 2025</u>.  Depositions of these experts shall be completed by <u>May 15, 2025</u>.  Rebuttal experts shall

be disclosed and expert reports shall be provided by <u>June 15, 2025</u>.

Rebuttal experts shall be made available for deposition by <u>June 30,</u>

<u>2025</u>.

4.    The parties have until <u>March 15, 2025</u>, to complete fact

discovery and <u>June 30, 2025</u>, to complete all discovery.  Any written

discovery served subsequent to the date of this Order must be served

by a date that allows the served party the full 30 days provided by

the FRCP in which to comply.  All depositions for discovery or use at

trial shall be completed no later than the close of expert discovery,

unless agreed to by the parties or leave of the Court is given.

5.    Motions to compel and other motions relating to discovery

shall be pursued in a diligent and timely manner, but in no event

filed more than 60 days following the event that is the subject of the

motion (<u>e.g.</u>, failure to answer interrogatories, objections to requests

for production, etc.).  The parties are required to meet and confer on

the discovery dispute as required by Rule 37(a) within the 60-day

period.  Except for good cause shown, any discovery motion that is

not timely filed or filed after the discovery deadline will not be

considered by the Court.  If a motion to compel discovery is found by

the Court to be time-barred, the moving party is prohibited from

making a subsequent request for the discovery which the Court has found to be time-barred.  All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the dispute.  If the certification is not included, the motion will be denied.

6.    The parties have until August 29, 2025, to file dispositive motions.  No dispositive motions filed after that date will be considered by the Court.

7.    Final pre-trial conference is scheduled for January 6, 2026, at 2:00 p.m. before US District Judge Sue Myerscough.

8.    Trial is scheduled for January  20, 2026, at 9:00 a.m. before Judge Myerscough on the trailing trial calendar.

9.    Electronically stored information that can reasonably be anticipated to be relevant to litigation is ordered to be preserved.  The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.  The parties are directed to meet and confer concerning provisions for discovery or disclosure of electronically stored information (ESI) by December 15, 2024. If the parties cannot agree upon a process/procedure for the discovery of ESI, a status report

with proposals for the discovery of ESI shall be filed with the Court by <u>December 31, 2024</u>. For the Court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the ESI from such sources, including the disruption of business and information management activities. When balancing the cost, burden and need for ESI, the Court and the parties will apply the proportionality standards in FRCP 21(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving and producing ESI.

10. The following categories of ESI generally not discoverable in most cases, and if any party intends to request the preservation of production categories, then that intention should be discussed at the meet and confer conference:

a. "deleted", "slack", "fragmented" or "unallocated" data on hard drives;

b. random access memory (RAM) or other ephemeral data;

c. on-line access data such as temporary internet files, history, cache, cookies, etc.;

d. data in metadata fields that are frequently updated automatically, such as last-opened dates;

e.    backup data that is substantially duplicative of data that is more accessible elsewhere: and

f.    other forms of ESI whose preservation requires extraordinary affirmative measures that are no utilized in the ordinary course of business.

11.    The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or any other federal or state proceeding.  This order shall be interpreted to provide the maximum protection allowed by FRCP 502(d).  Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.    For any assertions of privilege after inadvertent production of materials, the parties agree to continue to be bound by paragraph 17 of the Court's scheduling order of August 15, 2019 [25], which incorporates by reference paragraph 11 of the parties' August 7, 2019 Report of Rule 26(f) Planning Meeting [23].

NOTE:    A CONTINUANCE OF THE TRIAL DATE AND /OR FINAL PRE-TRIAL DATE, DOES NOT ALTER OR EXTEND ANY OF THE OTHER DATES ABOVE.

ENTERED:    November 26, 2024

        /s/ Karen L McNaught
KAREN L. McNAUGHT
UNITED STATES MAGISTRATE JUDGE